STATE BOARD OF TAX APPEALS.

WOMAN'S CLUB OF LITTLE FALLS, PETITIONER, v. TOWNSHIP OF LITTLE FALLS, RESPONDENT.

FORUM CLUB OF MADISON, PETITIONER, v. BOROUGH OF MADISON, RESPONDENT.

Decided June 16, 1942.

For Woman's Club of Little Falls, *William B. Harley.*

For Township of Little Falls, *George T. Anderson, Jr.*

For Forum Club of Madison, *Frank J. Valgenti, Jr.*

For Borough of Madison, *Henry G. Pilch.*

QUINN, President. These two appeals are disposed of in this common opinion, since both call for application by the board of the construction of the phrase, "fraternal organization," in the exemption statute, *R. S.* 54:4-3.26; *N. J. S. A.* 54:4-3.26, as construed by the Supreme Court in *Alpha Rho Alumni Association* v. *City of New Brunswick* (*Supreme Court,* 1941), 126 *N. J. L.* 233; 18 *Atl. Rep.* (*2d*) 68; *affirmed* (*Court of Errors and Appeals,* 1941), 127 *N. J. L.* 232; 21 *Atl. Rep.* (*2d*) 737. An understanding of the problem presented in these cases will be promoted by a study of the history of this exemption statute. It was originally adopted as a supplement to the General Tax Act of 1918, chapter 146 of the laws of 1936, as follows:

"All real and personal property used in the work and for the purposes of one or more fraternal organizations or lodges, or any association or society organized on the lodge plan, or affiliated associations, whether incorporated or unincorporated, shall be exempt from taxation under this chapter, if the legal or beneficial ownership of such property is in one or more of said organizations, lodges, associations or societies, and no part of such property is used for pecuniary profit."

By way of amendment, chapter 170 of laws of 1937 provided the following:

"Nothing herein contained shall be construed to permit the exemption of property owned directly or indirectly, or for the benefit of, organizations commonly known and designated as college clubs, or college lodges, or college fraternities."

In *City of Camden* v. *Camden County Board of Taxation* (*Supreme Court,* 1938), 121 *N. J. L.* 262; *affirmed* (*Court of Errors and Appeals,* 1939), 122 *Id.* 381; 5 *Atl. Rep.* (*2d*) 688, the act was declared valid, the classification of property of fraternal organizations for exemption (without reference to the exclusion of property of college fraternities) having been considered by the Supreme Court to be justified on the basis that "the property is admittedly used for purposes that are fraternal in character and substance, beneficial to the public generally * * *."

Relying upon this language, and applying what seemed to us the only construction of the statute which would be con-

sonant with the fundamental understanding that exemptions from taxation are extended and justified only as a *quid pro quo* for the performance of services essentially public and which the state is thereby relieved *pro tanto* from performing, *Dwight School of Englewood* v. *State Board of Tax Appeals (Supreme Court, 1935),* 114 *N. J. L.* 594; 177 *Atl. Rep.* 888, we thereafter construed the Exemption Act as requiring a showing of more than simply that the exemption claimant was, *pro forma,* a fraternal organization, and we held that unless the property of the organization was shown to be devoted to uses which were of substantial benefit to the public and to the community, as well as to the members themselves, a case for exemption was not established. *Township of Lyndhurst* v. *Italian Benefit Society, Civility and Work, New Jersey Tax Reports, 1934-1939, p.* 606; *Society Di Mutuo Soccorso, Inc.,* v. *City of Hackensack, Id. p.* 668; *Centro Espanol of Elizabeth* v. *City of Elizabeth, Id. p.* 675; *Camp No.* 62, *Patriotic Order of Americans* v. *City of Camden (State Board, 1941),* 19 *N. J. Mis. R.* 115; 17 *Atl. Rep.* (*2d*) 566.

All of the foregoing cases antedated the decision of the Supreme Court in the *Alpha Rho Alumni Association* case, *supra.* In that and five companion cases, there were involved the claims for exemption of six college fraternities at Rutgers University in New Brunswick. The court held that the 1937 proviso, excluding college fraternities from exemption was unconstitutional, and that the organizations before the court were entitled to exemption under the original act of 1936, which was held to continue in force and effect. Important to the particular cases here before us, and to the criteria for exemption which we had theretofore deemed applicable, the court said:

"It appears beyond doubt that the prosecutor qualifies as a fraternal organization or lodge, *being organized to assist its members and to promote moral, intellectual and social benefits."* (Italics supplied.)

The italicized portion of the quotation is the court's summation of a number of definitions of the phrase, "fraternal organization," culled from dictionaries and federal court

decisions. For example, Webster's New Dictionary is cited by the court as defining a fraternity as "a body of men associated for their common interest, business, or pleasure. * * * In American colleges, a student organization, either a nationally chartered society comprising many affiliated chapters or a single chapter in one institution *formed chiefly to promote friendship and welfare among the members,* and usually having secret rites and a name consisting of Greek letters." (Italics supplied.)

It is thus apparent that the restrictive interpretation of the Exemption Act hitherto applied by this board may no longer obtain. The affirmance by the Court of Errors and Appeals of the opinion of the Supreme Court in the *Alpha Rho* case makes it clear that we are to accord exemption to the property of any organized body of men (or of women, or both) who are banded together, not for pecuniary profit, but for mutual assistance, and to promote moral, intellectual or social benefits among the members, if the property is used for the purposes of the organization. In view of the concurrence by Mr. Justice Brogan in the opinion of the Supreme Court in the *Alpha Rho* case, the statement in his opinion for the Supreme Court in the *Camden* case, *supra,* that the property there in question was used for purposes "beneficial to the public generally," can be understood only as implying that the activities of fraternal organizations, as such, are necessarily of some public benefit, even if only incidentally. To this extent, it now appears that we are not to seek for and require, as a condition for exemption under *R. S.* 54:4-3.26; *N. J. S. A.* 54:4-3.26, any showing of benefit to the general public, over and above, or other than such as incidentally flows from the activities of a fraternal organization, as defined in the opinion in the *Alpha Rho* case.

With this background we consider the respective applications of the exemption claimants involved herein. The certificate of incorporation of the Woman's Club states that it is formed for "town improvement and the furtherance of higher intellectual life in the community." The actual activities of the organization are those, typically, of hundreds of such clubs in the state, primarily for social purposes and to foster pro-

grams designed to edify the members along cultural lines. The petitioner is particularly assiduous in this regard, cultivating the members in such matters as art, civics, drama, education, international relations, legislation, literature, and music. Perhaps in even more pronounced a sense than in the case of college fraternities, does such an organization as this come within the Supreme Court's definition in the *Alpha Rho* case of a fraternal organization as "organized to assist its members and to promote moral, intellectual and social benefits."

The same may be said of the other petitioner, the Forum Club of Madison. This organization appears from the testimony to be, in every respect but its name, a fraternal organization, with a ritualistic initiation ceremony for the admission of members, and operating a club building containing meeting and committee rooms, a reading room, card room, and a bar restricted to members of the organization. While, as seen above, it is not necessary under the *Alpha Rho* case for a fraternal organization to engage in charitable or community activities to qualify for exemption, this petitioner does maintain a regular program of charitable activities on behalf of underprivileged and needy children and families in its community.

In the case of both petitioners, instances of alleged profit making activity are cited by respondents. In the case of the Forum Club, no such activity reasonably proximate to the assessing date is shown. In the case of the Woman's Club, only incidental and extremely infrequent outside use of the building was shown, and this for a charge based upon the upkeep requirements of the building and not for profit. In neither case was there any actual profit making, nor any intent or purpose to earn profits. See *Alpha Rho Alumni Association* v. *New Brunswick, supra.*

We are satisfied that both of the petitioners qualify for exemption under *R. S.* 54:4-3.26; *N. J. S. A.* 54:4-3.26, for the year 1940, within the *Alpha Rho* case, *supra,* and it will be so ordered. While it may quite justifiably be asserted that this ruling will let down the gates for a flood of exemption applications, relief will have to be sought from the legislature,

and not from this board, in view of the decisions in the fraternity cases.

Judgments accordingly.