# THE FILIPINO-AMERICAN ASSOCIATION OF PORTLAND AND VICINITY *v.* DEPARTMENT OF REVENUE

Andrew P. Kerr, Yerkovich, Gilbertson & Brownstein, Portland, represented plaintiff.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered November 21, 1974.

CARLISLE B. ROBERTS, Judge.

The plaintiff, an Oregon nonprofit corporation,

appealed to this court from the defendant's Order No. VL 73-390 (dated July 27, 1973). The order affirmed the determination of the Director of the Department of Assessment and Taxation, Multnomah County, Oregon, that plaintiff did not qualify as a "fraternal organization" during the tax year 1972-1973. Plaintiff seeks to reverse the order and the sole question before the court is whether plaintiff qualifies as a "fraternal organization" within the provisions of ORS 307.134 and 307.136, and is therefore eligible for property tax exemption in 1972-1973.

The Filipino-American Association of Portland and Vicinity was chartered by the Corporation Commissioner of Oregon as a domestic corporation not for gain on February 25, 1959. Its constitution states, as a preamble:

> "We, Filipino-Americans, residing in the City of Portland, Multnomah County, State of Oregon and its immediate vicinity, in order to form an organization to protect our mutual interests, promote unity, understanding and co-operation among ourselves, maintain and develop our natural cultural heritage and to foster more friendly relations between ourselves and with other races and nationalities do hereby promulgate this Constitution and By-Laws."

This is followed by a Declaration of Principles which observes that stability of an organized society is dependent upon the proper observance of Christian morality and respect for law and order in a democratic form of government. The purposes of the organization are more specifically set out in Article II of the by-laws and relate to "Filipino-Americans and other nationalities, regardless of race, color or creed," the need to maintain and develop friendly relations among

them, to protect the legitimate interests and to develop and maintain the national cultural heritage of Filipino-Americans and to improve their social and economic well-being; to render voluntary aid and assistance through the association to members in good standing, especially in times of stress, grave illness or emergency; to establish a Filipino-American community building which will be the center of all Filipino-American community activities—social, cultural or recreational.

At the time of trial, there were currently 175 members who had paid an initiation fee of $5, followed by monthly dues of 50 cents. Activities of the group are primarily social, capped by an annual luau (used as a fund-raising event) which has been attended by as many as 600 to 800 persons.

In 1972, the plaintiff purchased Lots 7, 8, 9, 10 and 11, Block 3, Montecello Addition to the City of Portland, County of Multnomah, improved by a clubhouse and parking lot, located at 8917 S. E. Stark Street, in Portland, Oregon, previously owned by a post of the American Legion. The former owners had qualified for a property tax exemption under ORS 307.134 and the plaintiff sought to continue this exemption.

The plaintiff has stated in its brief that it "has not found any cases which provide any judicial standards which would result in an easy resolution of cases such as that at bar, * * *." Many organizations can arguably be characterized as "fraternal." Under the statute, the county assessor is called upon to determine the dividing line between organizations characterized as women's clubs, service clubs, patriotic

orders, athletic clubs, fraternal groups of varying types, and the "fraternal organization" defined in ORS 307.134 which, alone, is entitled to a partial property tax exemption. Because of the wide variations in the statutes of the various states and divergent factual situations, citations from other jurisdictions are generally of little value. (*See* Annot, 39 ALR3d 640 (1971).) Construction of ORS 307.134 must be made on a case-by-case basis. We begin with the observation that tax exemptions in Oregon are accorded a "strict construction." *Emanuel Lutheran Char. v. Dept. of Rev.*, 4 OTR 410 (1971), *aff'd,* 263 Or 287, 502 P2d 251 (1972).

ORS 307.134 states:

"(1) For the purposes of ORS 307.136 [which describes the property which, in the case of the qualified organization, may be exempted from tax], 'fraternal organization' means a corporation:

"(a) Organized as a corporation not for profit under the laws of any state or national .government;

"(b) Which is not solely a social club but is established under the lodge system with ritualistic form of work and representative form of government;

"(c) Which regularly engages in or provides financial support for some form of benevolent or charitable activity with the purpose of doing good to others rather than for the convenience of its members;

"(d) No part of the income of which is distributable to its members, directors or officers;

"(e) In which no member, officer, agent or employe is paid, * * *; and

"(f) Which is not a college fraternity or sorority."

The parties have agreed and the court finds that the plaintiff meets the requirements of (1)(a), (d), (e), and (f).

The court finds that plaintiff does not meet the requirements of ORS 307.134 (1)(b). It is primarily a social club with overtones of a patriotic organization. It does have a representative form of government. It is not established "under the lodge system with ritualistic form of work."

The concept of the lodge system must be gathered from ORS 307.134 (2):

"(2) For the purposes of ORS 307.136, 'fraternal organization' includes, but is not limited to, the grand and subordinate lodges of the Masons, the grand and subordinate lodges of the Knights of Pythias, the Knights of Columbus, the Benevolent and Protective Order of Elks, the Fraternal Order of Eagles, the Loyal Order of Moose, the Independent Order of Odd Fellows, the Oregon State Grange, the American Legion and the Veterans of Foreign Wars."

Plaintiff's "ritual," as the testimony shows, consists of opening its meetings with the singing of national anthems, a flag salute, and an invocation. This is precisely the format of the typical service club, but it is not a "ritual" as understood by the organizations named in ORS 307.134 (2).

Plaintiff's testimony referred to other organizations in Pacific Coast cities somewhat akin to the Filipino-American Association of Portland and Vicinity, but, admittedly, it has no formal connection and the most minimal, informal contact with them. Although incorporated in 1959, it has not organized itself for expansion, established the offices, created the

rituals, and developed the intricate organization which is known as the "lodge system," characteristically found in the fraternal organizations named in ORS 307.134 (2).

Nor has the plaintiff regularly engaged in or provided financial support for some form of benevolent or charitable activity with the purpose of doing good to others rather than for the convenience of its members. The court finds that the requirements of ORS 307.134 (1)(c) are not met by the association. Its charter and bylaws show it to be interested in membership self-help, with brotherly concern for fellow Filipinos new to the community. It allegedly has helped with burial expenses of members and aided strangers to adjust to the ways of the United States. The records show that in all the years since 1967 its financial contributions to persons outside of the organization for charitable purposes total an uncertain amount, the total in the seven-year period running from $55 to $125. This is de minimis and cannot be accepted by the court as meeting the standard required by the language of ORS 307.134 (1)(c).

The order of the defendant is affirmed.