# MULTNOMAH COUNTY
*v.*
# DEPARTMENT OF REVENUE
*Intervenor:*
# THETA EPSILON BUILDING ASSOCIATION

Charles S. Evans, Chief Deputy, County Counsel for Multnomah County, Portland, represented plaintiff.

Frank H. Lagesen, Cosgrave & Kester, Portland, represented intervenor.

Defendant, Department of Revenue, did not appear.

Decision for plaintiff rendered January 10, 1978.

CARLISLE B. ROBERTS, Judge.

The question presented is whether Theta Epsilon Building Association, the intervenor in this suit, was entitled to the partial property tax exemption provided in ORS 307.460 for the tax year 1976-1977. The building association, on January 1, 1976, was the owner and in possession of certain real property in Multnomah County, Oregon, described as Tax Lot 1, Block 2, Subsection East ½ of 2, City of Portland. The building association applied to the County Assessor of Multnomah County for exemption on or before April 1, 1976, pursuant to ORS 307.460(2), but was denied on the ground that it did not qualify under ORS 307.460(1)(c) and (d) and did not qualify under ORS 307.460(3) because it was not a fraternity, sorority or cooperative housing organization.

The building association thereupon appealed to the defendant Department of Revenue, pursuant to ORS 306.520. Following a hearing, the defendant approved the building association's petition and, in its Order No.

VL 77-287, dated May 11, 1977, directed the county officials to take the necessary steps to correct the rolls and, if tax had been paid, to refund any excess taxes with interest from the date of payment. Multnomah County has appealed from this order pursuant to ORS 306.545.

ORS 307.460(1) provides that "student housing shall be exempt from all ad valorem taxes levied by a school district, an intermediate education district or a community college district * * *" upon filing a claim with the county assessor on or before April 1 of the year in which the exemption is claimed, on forms prescribed by the Department of Revenue.

"Student housing" is defined in ORS 307.460(1) to mean "housing owned by a nonprofit corporation which is,

"(a) rented exclusively to students or faculty members of any educational institution, public or private, * * *

"(b) rented upon a nondiscriminatory basis, without regard to race, creed, color or national origin,

"(c) the articles of incorporation of which corporation provide that on dissolution or liquidation, its right, title and interest in and to all accommodations and facilities with respect to which exemption is sought will be conveyed to the educational institution or institutions whose students are served thereby, * * *

"(d) the corporation has made legally enforceable arrangements to convey its interest in any property with respect to which exemption is claimed hereunder to the educational institution or institutions whose students are served thereby upon final payment of the mortgage indebtedness incurred in connection with the construction or acquisition thereof, and

"(e) the rents, charges, development costs and methods of operation of which are regulated by federal or state law. * * *"

The specific provisions of ORS 307.460(1) are modified in subsection (3) with respect to a fraternity, sorority or cooperative housing organization, as follows:

[ 317 ]

"(3) A fraternity, sorority or cooperative housing organization may qualify for the exemption provided by subsection (1) of this section if all the requirements of subsection (1) of this section except paragraphs (c), (d) and (e) thereof are met, provided that any of its housing accommodations not occupied by members of the organization shall be open to occupancy by students not members of or affiliated with the organization, on a nondiscriminatory basis, without regard to race, creed, color or national origin, under rules or conditions set by the school."[1]

The intervenor, Theta Epsilon Building Association, is a nonprofit corporation which owns a student housing unit which houses the local Theta Epsilon Chapter of the Kappa Sigma Fraternity, a chartered chapter of the national fraternity. The building association owns the subject property; the members of the fraternity and other qualified students use it. (The plaintiff's Bylaws, Art II, Sec 1, state that all active members and alumni members of Theta Epsilon Chapter are members of the building association.)

The amended articles of the housing association's articles of incorporation show that, standing by itself, the nonprofit, house-owning corporation meets the requirements of ORS 307.460(1) (a) and (b). The articles of incorporation, as amended, further provide that, upon dissolution of the corporation, all excess assets shall be distributed to the Endowment Fund of the Kappa Sigma Fraternity (which, it is alleged, qualifies as an exempt organization under IRC (1954), § 501(c) (3)). It therefore does not meet the requirements of ORS 307.460(1) (c) which requires that, upon dissolution, the title to the accommodations and

---

[1]ORS 307.460(4) provides that if a fraternity, sorority or cooperative housing organization does not qualify for exemption under subsection (1), it shall qualify as the "homestead" of the students occupying the premises for the purposes of the Homeowners and Renters Property Tax Relief Act (also known as HARRP). Consequently, in this suit, the issue resolves into whether a specific fraternity's housing organization shall obtain a partial property tax exemption under ORS 307.460(1) or whether its qualified student members shall obtain rental relief through a personal income tax refund pursuant to ORS 310.640.

[ 318 ]

facilities used for student occupancy shall be conveyed to the educational institution (in this instance, Portland State University). It then follows that paragraph (d) has not been met. No evidence was produced before the court that "the rents, charges, development costs and methods of operation" of the housing corporation are regulated by federal or state law, as required by paragraph (e) of ORS 307.460(1).

Since paragraphs (c), (d) and (e) of ORS 307.460(1) have not been met, the building association, to gain the partial exemption, must then prove that it comes within the provisions of ORS 307.460(3). As above noted, this subsection waives the provisions of ORS 307.460(1) (c), (d), and (e) in the case of "[a] fraternity, sorority or cooperative housing organization * * *, provided that any of its housing accommodations not occupied by members of the organization shall be open to occupancy by students not members * * *," etc. The building association's articles of incorporation were amended on resolution of its board of directors dated March 14, 1976, as follows:

"The purpose or purposes for which the corporation is organized are:

"To provide for the association together with its members for self-development and improvement including the development of the physical and mental capacities of its members;

"To provide a club house and suitable living quarters for its members and, to the extent that such housing is not occupied by members, to students of Portland State University who are not members on a nondiscriminatory basis without regard to race, color, creed or national origin;

"To borrow money and issue notes, bonds or certificates of indebtedness therefor;

"To rent, lease, hold, own and acquire such real and personal property as may be necessary or convenient for the use of said corporation, and to sell, mortgage, pledge and dispose of the same."

The issue then turns upon the question of whether a nonprofit corporation founded under the laws of the

State of Oregon for the purposes above stated is a "fraternity."[2]

█ In its presentation to this court, the nonprofit housing corporation, Theta Epsilon Building Association, did not equate itself with the Theta Epsilon Chapter of Kappa Sigma Fraternity. It argued, however, that in itself it is a "fraternity" and seeks to prove this with a citation of three cases: *City of Long Beach v. California Lambda etc. Fraternity,* 255 Cal App2d 789, 794, 63 Cal Rptr 419, 422 (1967); *Brotherhood of Railroad Signalmen v. Zoning Board,* 348 Ill App 106, 108 NE2d 43 (1952); and *Woman's Club, &c., v. Little Falls Twp.,* 20 NJ Misc 278, 26 A2d 739 (State BTA 1942). "Fraternal" is a widely used word and may be used in argument to cloud the meaning of "fraternity." *Cf. Filipino-American Assn. v. Dept. of Rev.,* 5 OTR 645 (1974). However, in ORS 307.460(3) and (4), the court finds that the legislature was using the word "fraternity" (and "sorority") in the generally accepted meaning of an undergraduate body of students organized under the charter of a national student fraternity or a "local" nonprofit corporation (if it wishes to own property). Such a fraternity is described in *Kappa Gamma Rho v. Marion County,* 130 Or 165, 279 P 555 (1929). This is sufficiently indicated by the language and impact of subsection (4) of ORS 307.460. The same meaning must be imparted to subsection (3) of that section. The intervenor's citations can readily be distinguished.

The defendant, Department of Revenue, justified its order in favor of the intervenor in its opinion (the basis for the Order No. VL 77-287), pages 3 and 4, as follows:

"Statutes must be construed as a whole with a view to effecting the overall policy which statutes are intended to promote. *State v. Laenoa,* 20 Or Appeal 516, 533 P2d 370. Subsection (1) starts out by granting an exemption to *student housing* or to certain property. It then defines

[2]No suggestion has been made by any party that the "cooperative housing organization" category is relevant to this suit.

student housing as housing owned by a nonprofit corporation subject to conditions (a) to (e). Subsection (2) states that the nonprofit corporation shall apply to the Assessor for the exemption on or before April 1 of each year. In other words, this exemption is granted to student housing property if the property is owned by a nonprofit corporation subject to certain requirements if the nonprofit corporation applies to the Assessor for exemption on or before April 1 of each year. *It is not necessary that the applicant corporation be* charitable, benevolent, or *fraternal, but merely that it be nonprofit.* Subsection (3) (stated above) states that fraternities, sororities, and cooperative housing organizations may qualify without meeting the requirements of (c), (d) and (e) of Subsection (1) without mentioning the necessity of those organizations owning the property outright. *Continuity of ownership is not necessary as the statute clearly indicates that the exemption is to student housing under the ownership of a nonprofit corporation.*

"In any case, in piercing the corporate veil, it appears that every member of the local chapter of the fraternity is automatically a member of Petitioner's corporation. However, the intent of the legislature to grant the exemption to any qualifying nonprofit corporation is so apparent by a close reading of the statute that it is not necessary to resort to such an interpretation." (Emphasis supplied.)

▬ The court disagrees with the defendant. The qualifying property, under the facts of this case must be owned by the claiming nonprofit corporation (ORS 307.460(1)) and the claiming corporation must, itself, be the "fraternity" (ORS 307.460(3)).

▬▬ This suit is typical of the many petitions, appeals and cases in which pressure is placed upon administrative bodies and courts in a well-meant effort to obtain a tax exemption which, whatever the legislature's alleged intent, as argued by the proponent, cannot be acquired under the specific words of the statute. The arguments, pro and con, of "strict" versus "liberal" construction of statutes, are always employed. However, in Oregon the rule is that such tax exemptions must meet the requirements of a strict

but reasonable construction (and, as observed by former Chief Justice O'Connell, in a case which is a good example of the problems presented to the courts in this area: "The qualification that a construction must also be 'reasonable' does not destroy the constructional preference for the taxability of property. It follows that if the statute is susceptible to either of two constructions, each of which is reasonable, we must accept the construction which spells liability for the taxpayer.")[3] *See* the cases cited in *Emanuel Lutheran Char. v. Dept. of Rev.,* 4 OTR 410, 415-416 (1971), *aff'd,* 263 Or 287, 502 P2d 251 (1972).

■ The necessity of zealously seeking out the legislative intent through careful consideration of the legal concepts indicated in the statutory language is always present. As illustrated in this suit (and in many others), this may be particularly necessary in those cases where the legal entity, known as the "corporation," may be the subject of taxation or exemption. In many cases involving taxation, courts have been required to set up particular rules, either to protect corporations from nonintended taxes or prevent tax avoidance (without regard to the usual restrictions observed in "piercing the corporate veil"). For example, consider the problems discussed in *Coca Cola Co. v. Dept. of Rev.,* 5 OTR 405 (1974), *aff'd,* 271 Or 517, 533 P2d 788 (1975). These subtle variations make it more difficult, in a "sympathetic case," to make the Spartan decisions which the disciplines of the law require.

■ ORS 307.460(1) requires that the housing accommodations be "owned" by the nonprofit organization seeking the exemption. It is not disputed that ownership of the subject property is in Theta Epsilon Building Association, not in Theta Epsilon Chapter. These legal relationships are significant in tax administration. *See First EUB Church v. Commission,* 1 OTR

---

[3]Dissent in *Willamette Univ. v. Tax Com.,* 245 Or 342, 349, 422 P2d 260, 264 (1966).

249 (1963). The court cannot find any ground to accept the meaning of "owned" as used in ORS 307.460(1) as differing from its use in the cited case. It is the duty of the court to give careful attention to each word of the statute and to give to technical words their technical meanings. ORS 174.010.

The "fraternity" is a group of young men, matriculates of Portland State University, who are bonded together by common interests and aspirations, reinforcing each other in their work and social lives as students, living (perhaps dining) in common quarters, adhering to principles, regulations and discipline embodied in their ritual of initiation, national charter, and chapter bylaws. The fraternity places three men on the nine-man board of directors of the housing association, the chief object of which is to provide living accommodations for students at Portland State University, utilizing sound legal methods to provide security of title to and control of the property, without the social and scholastic aspects typical of the undergraduate "band of brothers."

■ The court finds that Theta Epsilon Building Association is a nonprofit corporation which, in 1976-1977, *owned* a house rented to the students comprising the Theta Epsilon Chapter of Kappa Sigma Fraternity and to other eligible students; that the building association does not qualify as a "fraternity" under the common understanding of that term as used in ORS 307.460(3) and (4); that the building association and the fraternal chapter cannot be deemed as merged for the purposes of this suit; and that partial property tax exemption cannot be granted to the building association under the provisions of ORS 307.460.[4]

The legislature is deemed to have contemplated this result and provided a different tax relief by its enactment of ORS 307.460(4).

---

[4]The court takes no notice of allegations that exemptions in similar circumstances have been approved by the County Assessors of Lane County and Benton County, since no adjudication thereof has been shown.

The defendant Department of Revenue's Order No. VL 77-287 is set aside and held for naught. The Assessor/Tax Collector of the County of Multnomah is required to correct the assessment and tax rolls of Multnomah County for the tax year 1976-1977 to conform with this decision.