Argued October 12, 1978, affirmed February 21, 1979

## WHITE CITY, OREGON,
## WATER SYSTEM, INC., *Appellant,*
*v.*
## DEPARTMENT OF REVENUE, *Respondent.*
### (TC 1091, SC 25612)
590 P2d 724

Lee Davis Kell, Portland, argued the cause for appellant. With him on the briefs were Raymond M. Kell, and Kell, Alterman & Runstein, Portland.

Alfred B. Thomas, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, Salem.

Before Tongue, Presiding Justice, and Howell, Bryson, and Linde, Justices.

HOWELL, J.

## HOWELL, J.

The taxpayer is an Oregon nonprofit corporation organized in 1966 to provide financing for the rehabilitation and expansion of a water system to be operated by the City of Medford. Pursuant to ORS 307.090(1), the taxpayer petitioned the Department of Revenue for an exemption from taxation of its property on the theory that the property was being used for a "municipal purpose." The Department denied the exemption, and the Oregon Tax Court upheld the Department. 7 OTR 274 (1977).

White City is an unincorporated area in Jackson County, 10 miles north of Medford, that was developed as an industrial park for Medford and Jackson County. Prior to 1966, White City was served by a private water system. In July of that year, White City, Oregon, Water System, Inc. (hereinafter Taxpayer) was organized as a nonprofit corporation for the purpose of improving the water system. Taxpayer and the City of Medford then entered into an operating agreement that gave the City substantial control over Taxpayer's operations. Specifically, the City operates, maintains, and supervises the Taxpayer, and controls all income not pledged to repay debt. Income from bonds issued by Taxpayer has been used to improve and expand the water system.[1]

The Taxpayer has no offices and no employees. The sole function of the three directors is to ensure that Taxpayer carries out its obligations to the trustee for the bondholders.

ORS 307.090(1) provides:

"* * * Except as provided by law, all property of the state and all public or corporate property used or intended for corporate purposes of the several counties, cities, towns, school districts, irrigation districts, drainage districts, ports, water districts and all other

---

[1] Additional details concerning the relationship between Taxpayer and the City can be found in the opinion of the Tax Court, 7 OTR 274, 276-78 (1977). These additional facts are not necessary to our holding in this case.

public or municipal corporations in this state, is exempt from taxation."

At the outset, we must determine whether the statute creates an exemption only for property owned by public bodies, or whether an exemption also is available for private property used for a public purpose by municipal or quasi-municipal corporations mentioned in the statute. The language of the statute is capable of either interpretation, depending on what the phrase "of the several * * * cities" is read to modify. The first possibility is that the phrase modifies "purposes," so that any "corporate property * * * used for corporate purposes of the several * * * cities" would be exempt. The second possibility, and the one urged by the Department, is that "of the several cities * * *" modifies "property," so that an exemption is available only for "property * * * of the several cities," i.e., property actually owned by the city.

While either interpretation is arguable, we adopt the latter for two reasons. First, we have held that when there is doubt regarding a statute making an exemption, any uncertainty is to be resolved against the exemption. *Portland v. Kozer et al,* 108 Or 375, 217 P 833 (1923).[2] Secondly, other provisions of the tax code specify exemptions for privately owned property used for public purposes,[3] thus indicating that the legislature did not intend a general exemption for all such property when it enacted ORS 307.090(1).

---

[2] In *City of Eugene v. Keeney,* 134 Or 393, 293 P 924 (1930), the court stated:

"* * * the better rule is that strict construction of exemption statutes applies to exemption of property held in private ownership but not to exemptions of public property." Id. at 398, quoting Cooley on Taxation § 673 (4th ed 1924).

Although the present case involves a statute exempting public property, title to the property is in a private entity. Accordingly, we construe the applicability of the statute strictly.

[3] *See, e.g.,* ORS 307.115 (property of nonprofit corporation held for public parks); ORS 307.210 (property of nonprofit mutual or cooperative water associations).

■ We therefore hold that the exemption provided by ORS 307.090(1) applies only to property actually owned by the public bodies specified in the statute.

The Taxpayer concedes that title to the property in question here is privately held, but argues that " * * * 'property' is a generic, not a technical term. It may be one, several or all of the rights and uses that are attributes of property. It does not mean legal or equitable or possessory title or ownership * * *."

To adopt the Taxpayer's theory would require this court to depart from the general rule enunciated in *Nehalem Timber Co. v. Columbia Co.,* 97 Or 100, 107, 189 P 212, 191 P 318 (1920), that "taxes follow the legal title." Also, as a matter of general policy, the legislature has provided that all real and personal property within this state is subject to assessment and taxation, "except as otherwise provided by law," ORS 307.030.

The legislature has seen fit to enact exceptions in some instances by allowing exemptions if the property is "being purchased" by charitable or other institutions. *See* ORS 307.130, 307.136, and 307.145. The legislature has also provided in ORS 307.112 for exemptions under certain conditions for property held under a lease or lease-purchase agreement by an exempt institution or other public body other than the state.

This court has also recognized an exception, in *Security Sav. & Trust Co. v. Lane County,* 152 Or 108, 53 P2d 33 (1935). There, the plaintiff held property as a trustee for the University of Oregon. We recognized that the state as beneficiary of a trust might be considered the "owner" of property for purposes of the statute exempting property "owned" by the state even though legal title rests in a non-exempt person. Nevertheless, we held the exemption unavailable in that case because the state's beneficial interest at the

time of assessment was only an expectancy and because non-exempt persons also had interests in the property in question. We stated:

> " * * * it is our belief that the exemption claimed in this suit can not be granted under our statute unless (1) the fee is vested in the state, or (2) the state's beneficial interest is exclusive of all equities of non-exempt persons. It is clear that these conditions are not present. Therefore, the property is subject to taxation." 152 Or at 146.

■ The instant case involves neither a trust, an agreement to purchase nor a lease-purchase agreement by the City. Here, the City is merely acting as an agent of the Taxpayer in operating its system. It is true that sometime in the future the City may acquire title to the property, but any exemption under ORS 307.090(1) will have to await the event and another assessment date.

Affirmed.