# IN THE OREGON TAX COURT

## PORT OF COOS BAY
*v.*
## DEPARTMENT OF REVENUE
### (TC 1624)

George T. Gant, McNutt, Gant, McNutt & Thrush, Coos Bay, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered September 19, 1983.

**SAMUEL B. STEWART, Judge.**

The parties stipulated that:

1. Plaintiff is a Port District.

2. It owns and operates a small boat basin.

3. As part of its operation, it constructed a dry storage building for boats, gear and equipment.

4. It used a portion of the building for its own use, the balance of the building used by taxable individuals pursuant to a "Use Agreement * * *."

5. Relying on ORS 307.110, the Coos County Assessor assessed that portion of the dry storage building used by individuals.

6. Plaintiff contends that ORS 307.110 does not apply and that all of the subject property is exempt under ORS 307.090 or 307.120. Defendant contends to the contrary.

ORS 307.090(1) provides in relevant part that:

"[A]ll public or corporate property used or intended for corporate purposes of the several * * * ports * * * is exempt from taxation."

This is substantially the way the statute has read in this regard for at least 53 years. *See* 1930 Oregon Code § 69-104 (2). Apparently, the 1949 legislature (1949 Or Laws ch 395, § 2(4)) felt the exemption as related to ports should be somewhat restricted for it enacted as an amendment to OCLA § 110-201 in relevant part the following:

"(4) Real property owned by any * * * port * * * to the extent to which such property is either (a) leased, rented or preferentially assigned now or hereafter for the purpose of the berthing of ships, barges or other watercraft, or the discharging, loading or handling of cargo therefrom or for storage of such cargo directly incidental to transhipment, (b) held under a lease or rental agreement executed for any purpose prior to July 5, 1947, provided that this exemption shall continue only during the term of such lease or rental agreement in effect on said date, * * *." (1949 Or Laws ch 395, § 2.)

This language remains substantially unchanged in ORS 307.120(1)(a).

ORS 307.110(1) relied upon by the Coos County Assessor and by defendant provides in relevant part that:

*"Except as provided in ORS 307.120,* all real * * * property of * * * any * * * other municipal corporation or political subdivision of this state, held under a lease or other interest or estate less than a fee simple, by any person whose real property, if any, is taxable, * * * shall be subject to assessment and taxation for the true cash value thereof uniformly with real property of nonexempt ownerships." (Emphasis supplied.)

ORS 307.110(1) came into the law as a new provision in 1947. 1947 Or Laws ch 382, § 1. Even then it contained a provision that:

"[R]eal property owned by any * * * port, and held under a lease * * * or rented under an agreement * * * by any person,

corporation or association, whose real property * * * is taxable, shall not become subject to assessment and taxation for the fiscal year 1947-1948, and for the fiscal year 1948-1949 * * *." (1947 Or Laws ch 382, § 1.)

In 1949, the legislature amended the 1947 statute by adding the words "unless specifically exempted under the provisions of section 110-201, O.C.L.A." (1949 Or Laws ch 395, § 1.)

Comparable language continues in ORS 307.110(1), i.e., "[e]xcept as provided in ORS 307.120."

The basic question is: Does ORS 307.120(1)(a) exempt spaces in portions of the port's dry storage building utilized by individuals? The ultimate question, then, is whether the use of the spaces for the storage of boats, gear and equipment constitutes the "berthing" of watercraft? The defendant, in its Opinion and Order No. VL 81-802 at 4, approaches resolution of the problem by stating: "In this jurisdiction, taxation of property is the rule; exemptions are the exception." Defendant proceeded erroneously.

As stated in *City of Eugene v. Keeney,* 134 Or 393, 397, 293 P 924 (1930):

"Where * * * public corporations are involved, exemption is the rule and taxation the exception. As to private ownership of property, the rule is reversed."

Having started down this erroneous path, defendant proceeded to apply the rule of strict construction and its corollary that in case of doubt the exemption statute would be construed against the taxpayer. However, as stated in *City of Eugene, supra,* at 398: "Neither can we agree * * * that statutory provisions exempting from taxation property owned by a municipal corporation should be strictly construed." *City of Eugene,* in this regard, is still quoted with approval by the Supreme Court. *See White City Water System v. Dept. of Rev.,* 285 Or 255, 258, 590 P2d 724 (1979). The corollary is, of course, that an exemption from taxation of property owned by a municipal corporation should be liberally, and not strictly, construed.

Ordinarily this court regards as irrelevant the reasoning of the defendant as expressed in its opinions and orders

unless such reasoning is adopted and reasserted in proceedings before this court because ORS 305.425(1) provides that all proceedings are original, independent and de novo. This case is, however, not an ordinary one in that its resolution turns on whether the rule of strict or liberal construction applies to plaintiff. Defendant's brief does not mention construction, either strict or liberal, but, in construing the statutory language involved, the construction utilized by defendant did not appear to be the liberal construction required but rather the strict construction upon which defendant had predicated its opinion and order. Accordingly, the court has, in this instance, referred to the defendant's opinion and order where the rationale was explicitly stated.

Defendant proceeded on the dictionary definition of "berth" or "berthing" and "wharf" and concluded that:

"The natural and obvious meaning of 'berthing of ships' would be twisted beyond recognition if construed to include the storage of small boats within a building on dry land well removed from any wharf, dock or ancorage [sic]." (Defendant's Brief at 7.)

The court does not agree. If the 1949 amendment had used only the word "ships" in referring to "berthing," defendant would have had a strong argument, but the amendment used additional words, "barges or other watercraft."

In 1977, the legislature added to the language with reference to the "berthing of ships, barges or other watercraft" the following: "(exclusive of property leased, rented or preferentially assigned primarily for the purpose of the berthing of floating homes as defined in ORS 488.705)." 1977 Or Laws ch 615, § 1. Subsequently, in section 2 of chapter 615, the following language appears.

"(3) The exemption provided in subsection (1) of this section does not apply to floating homes or to boathouses, as defined in ORS 488.705, both of which are taxable personal property." (Now ORS 307.190)

Obviously, prior to 1977, floating homes defined in part as "a moored structure that is secured to a pier of piling" came within the exemption accorded the "berthing of watercraft." ORS 488.705(5). That being so, and using the required liberal construction, it does not appear to have been the legislature's intent to utilize dictionary definitions of

"berthing" so narrowly as defendant has argued. Accordingly, there is absent "an express or implied legislative declaration" that it was intended that the phrase "the berthing of ships, barges or other watercraft" was not to include the storage of boats, gear and equipment in a building constructed by a port district.

Defendant's Opinion and Order No. VL 81-802, dated August 11, 1981, is reversed.