IN THE OREGON TAX COURT

PHELPS et al
*v.*
DEPARTMENT OF REVENUE
(TC 2338)

Thomas E. Wurtz, Springfield, represented plaintiffs.

G. F. Bartz, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered October 29, 1985.

**CARL N. BYERS, Judge.**

Plaintiffs appeal from an opinion and order of the Department of Revenue denying their claim for senior citizens' property tax deferral under ORS 311.666 *et seq.* The facts are not in dispute.

In January 1980, plaintiff Emily Phelps and her husband Paul moved to Oregon from California. They purchased a home in Springfield, Oregon. After purchasing the home, they received property tax statements for the years 1982-1983 through 1984-1985 and paid the amount of taxes stated therein. Emily testified that up until 1983 her husband Paul took care of all of their business affairs without consulting her. In 1983, Paul suffered a stroke which left him unable to speak or walk. Paul required nursing home care until his death in February 1985.

On April 11, 1984, the Department of Assessment and Taxation for Lane County sent plaintiffs a Notice of Correction of Error or Omitted Property. By this notice,

plaintiffs learned that the tax statements which they had received and paid were only for the land. For some unknown reason the assessor had failed to assess and tax the improvements. When that omission was discovered, the assessor, in accordance with ORS 311.207, determined it was necessary to add the omitted property to the rolls.

In response to this notice, plaintiffs sought legal counsel. On May 23, 1984, plaintiffs filed an application for the senior citizens' property tax deferral.[1] The application was denied because the application was not received by April 15 as required by ORS 311.668. That statute requires that individuals electing to defer property taxes on their homestead file a claim for deferral with the assessor "after January 1 and on or before April 15 of the first year in which deferral is claimed." Plaintiffs then appealed to the Department of Revenue which, after hearing, denied plaintiffs' claim.

The problem here is obvious: the statutes permit the assessor to reach back in time to capture omitted property for taxation but they do not permit taxpayers to reach back in time to seek exemption or deferral. Harsh results can flow from this statutory difference of treatment, particularly with regard to the elderly whose ability to respond is severely hampered by physical infirmities and financial shortness of breath. There is great temptation to force the law in order to rescue the trapped plaintiffs. However, the court is unable to find a pry bar with which to force the door.

■ Plaintiff contends that the department has authority to grant their claim under its supervisory power. Plaintiff points to ORS 306.115[2] and ORS 311.205.[3] However, it is clear

---

[1] Under ORS 311.668, taxpayers 62 years of age or older and who have household income of less than $17,500 may elect to defer the payment of property taxes on their homestead. The property taxes so deferred become payable upon the death of the claimant (or the survivor in the case of joint claimants) or when the property is sold or ceases to be the homestead of the claimant. The county receives the amount of taxes deferred from the state, which is given a lien against the property for the deferred taxes.

[2] Under ORS 306.115, the department is granted general supervisory authority over the property tax system, but it is limited both in purpose and conditions. The department recognizes the limited authority as indicated by its administrative rule OAR 150-306.115:

"(1) The types of errors or omissions in the assessment or tax roll which can be corrected by the Department under ORS 306.115(2) through (4) include but are

to the court that the authority granted the department under both of those sections is to change or correct an assessment or tax record. Plaintiffs do not seek a correction of an assessment or tax record but the granting of a benefit which they failed to apply for. The statutes do not authorize the department to override the filing requirements of ORS 311.668 and grant plaintiffs the relief sought.

---

not limited to, clerical errors, errors in property value, classification, or exemption.

"(2)  The Department may correct the assessment or tax roll with respect to a separate assessment of property for the current assessment year, for either or both of the assessment years immediately preceding the current assessment year, or for any combination of such years. The requirements of ORS 306.115(3)(a) or (b), must be met for each year at issue.

"(a)(A)  The assessor or taxpayer has no statutory right of appeal remaining if

"(i)  the statutory time limit for appealing to the Department has passed, or if

"(ii)  the taxpayer or assessor has not properly exhausted prior administrative remedies and the deadline for exhausting such remedies has passed.

"(B)  'Good and sufficient cause' shall be interpreted as under ORS 307.475 and OAR 150-307.475.

"(C)  ORS 306.115(3)(a) provides a procedural remedy for a taxpayer or assessor who fails, for good and sufficient cause, to exercise a right of appeal provided by another section.

"(b)  The Department will consider a correction to the roll for a separate property under ORS 306.115(3)(b) if the correction is necessary to remedy an extraordinary problem. The petition must allege facts which indicate that an extraordinary problem exists. The Department generally will not exercise this authority if the taxpayer or assessor is unable to show good and sufficient cause under ORS 306.115(3)(a), except that the Department may exercise its authority if the parties agree to facts which indicate an error on the assessment and tax roll.

"(c)  A petition under ORS 306.115(3)(a) or (b) shall comply with the requirements of OAR 150-305.275. If the Department determines that the requirements of ORS 306.115(3) have been met, a hearing on the merits will be held, if necessary. The provisions of OAR 150-305.115 shall apply to all stages of the appeal.

"(3)  The remedies provided by ORS 306.115 are extraordinary, and should not be viewed as substitutes for the ordinary appeal remedies provided by other sections.

"(4)  This rule applies to all cases filed with the Department on or after October 15, 1983."

[3] ORS 311.205 grants authority to the assessor to correct the rolls, which is the very statute relied upon by the assessor in this case. Although the department is given authority in ORS 311.215 to seek a writ of mandamus to compel the assessor to perform his duty, the department cannot exercise the discretionary authority granted to the assessor.

Even under ORS 307.475, a special "hardship" statute enacted to save exemptions, the department does not have the authority to grant an exemption. Under that statute, if the Director of the Department of Revenue finds that the taxpayer failed to file a claim for exemption timely for good and sufficient reason, his authority is limited to making a written *recommendation* to the assessor of the county in which the property is located. If the assessor concurs in the recommendation, then the statute authorizes the governing body of the county to grant limited relief.

If any relief is to be granted to taxpayers caught by the omitted property statute, it must be done by the legislature. The Opinion and Order No. 4-1782-20 of the Department of Revenue is hereby affirmed. Costs to neither party.