## IN THE OREGON TAX COURT

Milton Leroy SANDERSON,
Beverly J. Hanson and Delores J. Rider
*v.*
## DEPARTMENT OF REVENUE
(TC 2695)

Douglas P. Cushing, Cushing & Haberlach, Medford, represented plaintiffs.

Bonni C. Canary, Assistant Attorney General, Department of Justice, represented defendant.

Decision for defendant rendered August 26, 1988.

# CARL N. BYERS, Judge.

Plaintiffs appeal defendant's Opinion and Order Nos. 87-0673 and 86-3739, denying relief from the disqualification of certain real property for farm use assessment for the 1983-84 through 1986-87 tax years. Defendant contends that plaintiffs' appeal to defendant was untimely and, therefore, this court lacks jurisdiction to consider the matter on the merits. Defendant moved for summary judgment and the court heard oral arguments on the motion on July 25, 1988.

■ Undisputed facts show that plaintiffs sold the subject property to Shields in May 1978. On September 10, 1981, the purchasers, as debtors in possession, petitioned the bankruptcy court for relief under 11 USC chapter 11. On June 14, 1983, while the bankruptcy was pending, the assessor disqualified the property from special farm use assessment. In April 1986, plaintiffs reacquired the property through foreclosure and six months later appealed to the Department of Revenue for reinstatement of the special farm use assessment. Plaintiffs sought relief under the department's supervisory powers pursuant to ORS 306.115. Under certain conditions, this statute allows the department to order a correction to the tax roll "for the current assessment year and for either of the two assessment years immediately preceding the current assessment year."

■ The property was disqualified in 1983. Plaintiffs' appealed in 1986. The department dismissed the appeal on the grounds that the 1983 tax year was barred, for reasons not clear to the court, and that the other two years were outside the supervisory authority granted by ORS 306.115.[1] The department found that even under the "hardship" statute, ORS 307.475, it could grant no relief for 1984 or 1985. That statute allows the department to recommend tax relief in those cases where property would have been exempt had there been a timely filing of a claim for exemption. Application for this recommendation must be made:

---

[1] It would appear that because the property was disqualified in 1983, the department found that plaintiffs were required to either appeal the 1983 disqualification or apply for the special assessment in 1984 and 1985, which they failed to do. Since plaintiffs did not own the property in 1984 or 1985, they were precluded from taking any effectual action except through the bankruptcy trustee.

"[N]ot later than December 15 of the year in which the failure to claim the exemption or cancellation of assessment occurred." (ORS 307.475(3).)

Plaintiffs' petition to the department was filed in April 1986, thus, no relief could be recommended for 1984 or 1985.

Plaintiffs allege that once the bankruptcy was filed in 1981, "the automatic stay was immediate and complete. The act of the assessor thereafter, without having sought relief from the stay was void." Defendant asserts that even if the court finds that the automatic stay provision applies to the notice of disqualification, the act of disqualification was only voidable, not void.

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops collection efforts, harassment and foreclosure actions. 11 USC § 362 provides that a petition filed under chapter 11:

"[O]perates as a stay, applicable to all entities, of—

"(1) the commencement * * * of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, * * *."

Section 362(b) provides:

"The filing of a petition under * * * this title, * * * does not operate as a stay—

"* * * * *

"(8) * * * of the issuance to the debtor by a governmental unit of a notice of tax deficiency."

The assessor's notice of disqualification occurred in 1983, two years after the commencement of the bankruptcy petition. The notice of disqualification did not, in itself, result in the enforcement of a lien. In fact, after the notice of disqualification, no action was taken by the assessor to enforce any lien against the property during the bankruptcy proceeding.

Section 362(a) provides for an automatic stay of "any act to collect, assess or recover a claim against the debtor that arose before" the commencement of the filing of bankruptcy.

Section 362(b) states that the filing of bankruptcy does not operate as a stay "of the issuance * * * of a notice of tax deficiency."

The court finds that the notice of disqualification was not an act to "collect, assess, or recover a claim" forbidden by § 362(a) but a "notice" permitted by § 362(b).

Undoubtedly distracted by the problems of regaining ownership of the property, plaintiffs became trapped by the actions of the buyer. As this court noted in *Phelps v. Dept. of Rev.,* 10 OTR 162, 163 (1985):

> "There is great temptation to force the law in order to rescue the trapped plaintiffs. However, the court is unable to find a pry bar with which to force the door."

■ The tax statutes, by design, restrict the period of time during which actions of the officials can be questioned. There is a need for certainty in the ongoing process of government. Through ORS 306.115 and 307.475, the legislature has provided a means to rescue taxpayers in certain situations who fail to comply with statutory requirements. Beyond those limits the Department of Revenue may not proceed. The defendant's action in dismissing plaintiffs' petition was correct. Now, therefore,

IT IS HEREBY ORDERED that Defendant's Motion For Summary Judgment is granted. Costs to neither party.