# IN THE OREGON TAX COURT

## TILLAMOOK COMMUNITY FOUNDATION
*v.*
## DEPARTMENT OF REVENUE
(TC 2751)

William R. Canessa, Campbell, Moberg & Canessa, P.C., Seaside, represented plaintiff.

Ted E. Barbera, Senior Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered January 3, 1989.

## CARL N. BYERS, Judge.

Plaintiff requests the court to set aside defendant's Opinion and Order No. 87-1280 and declare the subject property exempt from taxation. Plaintiff is a nonprofit corporation duly registered as a charitable corporation under the laws of Oregon. The subject property is approximately twelve acres of unimproved land deeded to plaintiff on July 18, 1985, "for the exclusive benefit of the Tillamook Bay Community College Service District" (District).

Plaintiff filed an application on January 28, 1987, with the county assessor, for exemption of the property for 1987-88 under ORS 307.130. The application was denied.

Plaintiff appealed the tax year 1987-88 to the Department of Revenue and also requested exemption of the property for 1985-86 and 1986-87. The department found that plaintiff's appeal regarding the two earlier years was untimely pursuant to ORS 305.275. Even when considering its supervisory authority granted by ORS 306.115, the department found it was without jurisdiction to consider plaintiff's appeal for 1985-86 and 1986-87.

ORS 306.115(3)(a) allows the department to order a "change or correction" to the assessment or tax roll for the current assessment year and the two preceding years if certain conditions are met. Plaintiff is not seeking a "change or correction" but a benefit for which it failed to apply. As the court has previously noted, the statutes do not authorize the department to override exemption filing requirements. *Phelps v. Dept. of Rev.,* 10 OTR 162 (1985). Therefore, the department lacked authority to grant plaintiff the requested relief for 1985-86 and 1986-87.

Plaintiff's appeal for 1987-88 was heard by the department and dismissed due to lack of prosecution. Counsel have now stipulated that plaintiff did furnish the necessary information but it failed to reach the hearings officer before the appeal was dismissed. This court accepts plaintiff's appeal for 1987-88 for consideration on the merits.

Plaintiff was incorporated as a nonprofit corporation on May 7, 1985. At the time the subject property was donated for the benefit of the District, ORS 341.037(1) forbade any community college district "to issue bonds or purchase real

property."[1] Therefore, the donors of the subject property deeded the property to plaintiff for "the exclusive benefit" of the District and its successors.

Plaintiff's amended complaint, at paragraph 9, states that the District "has been and is a municipal corporation within the meaning of ORS 307.090(1) and has used the property for corporate purposes." Defendant's answer admits this allegation.

■ ORS 307.090(1) states:

"[A]ll public or corporate property used or intended for corporate purposes of * * * school districts * * * and all other public or municipal corporations in this state, is exempt from taxation."

Defendant denies that the District is the "owner" of the property. Defendant points to plaintiff's original Articles of Incorporation, Article XIII, which states that in the event of dissolution, "all the business, property, and assets of the corporation shall go and be distributed to Tillamook Bay Community College Service District." This article was amended on October 14, 1985, to provide that in the event of dissolution, all the business, property and assets "shall go and be distributed to Oregon Community Foundation." Defendant contends this amendment precludes the subject property from being "property" of the District pursuant to ORS 307.090(1).

■ The warranty deed granting the subject property to plaintiff had explicit limitations requiring that the property be utilized by plaintiff for the exclusive benefit of the District. The well-established meaning of the words "for the use of" is "in trust for." *Schmitt v. Commission,* 1 OTR 25, 28 (1963). The phrase "for the exclusive benefit of" is certainly equal to "for the use of."

■ The creator of a trust has the right to designate the powers and duties of the trustee and the duration of the trust. *Williams v. Morris,* 144 Or 620, 625, 25 P2d 135 (1933).

In *Security Sav. & Trust Co. v. Lane County,* 152 Or 108, 53 P2d 33 (1935), the issue concerned the taxability of real property held by the plaintiff in trust for a chair of

---

[1] ORS 341.037(1) was amended in 1987 to include "[l]imitations of this subsection do not apply to receipt of gifts of real property." (Or Laws 1987, ch 192, § 1.)

instruction at the University of Oregon. While the deed conveyed title of the property to plaintiff, its authority was limited. Certain annuities were required to be paid to the donor and family before any income was paid to the state. The court made an exhaustive review of cases dealing with the issue and concluded:

> "The legal principles employed in the above decisions may be succinctly stated thus: Real property, the title to which is vested in the state, whether in its name or in the name of a state agency, is exempt from taxation. It is also exempt if the state possesses the sole beneficial interest, the title being vested in a trustee." (*Id.,* at 140-41.)[2]

These principles were reiterated in *White City Water System v. Dept. of Rev.,* 285 Or 255, 590 P2d 724 (1979).

In the instant case, while plaintiff holds legal title to the property, the District possesses the sole beneficial interest in the property. If dissolution of plaintiff's corporation occurs, the succeeding trustee will be bound by the limitations of the deed.

■ This court agrees with the finding in *Ellsworth College v. Emmett County,* 156 Iowa 52, 59, 135 NW 494 (1912):

> "[The] statute does not require that the college be the owner of the legal title to the property. * * * The word 'owned' is broad and undoubtedly comprehends equitable, as well as legal, ownership * * *."

Therefore the court finds that pursuant to ORS 307.090(1) the subject property is "owned" by the District and was exempt from taxation for 1987-88.

Costs to neither party.

---

[2] The court found that the property was not exempt because the state agency did not have the sole beneficial interest.