LINN-BENTON HOUSING AUTHORITY
and Clayton Meadows Apartments,
a Limited Partnership,
*Plaintiffs,*

*v.*

LINN COUNTY ASSESSOR,
*Intervenor-Defendant.*

(TC 4590)

Andrew Noonan, Long, Delapoer, Healy, McCann and Noonan, P.C., Albany, filed the motion and argued the cause for Plaintiffs (taxpayers).

Brad Anderson, Civil Deputy District Attorney, Albany, filed the motion and argued the cause for Intervenor-Defendant (the county).

Decision for Intervenor-Defendant rendered April 15, 2003.

**HENRY C. BREITHAUPT, Judge.**

Plaintiffs (taxpayers) appeal from a decision of the Magistrate Division denying an exemption from property taxation pursuant to ORS 456.225[1] for 25,720 square feet of vacant land. Defendant Department of Revenue tendered defense of the matter to Intervenor-Defendant Linn County Assessor (the county), and was dismissed from the case.

## I. FACTS

The subject property is owned by Clayton Meadows Apartments Limited Partnership (the partnership). Linn-Benton Housing Authority is a public housing authority subject to the provisions of ORS chapter 456 and is a co-general partner of the partnership.

The property consists of a 50-unit low income housing development and is subject to certain land use restrictive covenants that require the project be rented or leased to individuals or families whose income is 60 percent or less of the family adjusted median gross income.

In September 2001, the county notified taxpayers that for the 2001-02 tax year the property would be treated as 96 percent exempt because the county determined that excess land at the north end of the property would remain taxable until utilized in a manner consistent with ORS 456.225. At issue is a 25,720 square foot portion of taxpayers' property that is vacant and reserved for potential future development of assisted living units.

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1999.

Taxpayers appeal, arguing that pursuant to the provisions of ORS 307.090 and ORS 456.225, the entire property should be exempt. The county argues that ORS 307.090 is inapplicable and that under the exemption provided by ORS 456.225, the vacant portion of the land is not leased or rented to persons of lower income for housing purposes, and therefore, is not exempt from taxation.

## II.   ISSUE

Does vacant property held by a partnership, in which a housing authority is a general partner, qualify for exemption from property tax?

## III.   ANALYSIS

ORS 307.090 provides property tax exemption for public property, including property of a housing authority. ORS 307.090(1) provides, in part:

> "**[A]ll public or corporate property used or intended for corporate purposes of** the several counties, cities, towns, school districts, irrigation districts, drainage districts, ports, water districts, **housing authorities** and all other public or municipal corporations **in this state, is exempt from taxation.**"

(Emphasis added.)

ORS 456.225 provides property tax exemption for property owned by a partnership in which a housing authority is a general partner. ORS456.225(1) provides, in part:

> "**[T]he property of a housing authority**, including property held under lease or lease purchase agreement by the authority, **or property of a partnership wherein the authority is a general partner or general manager, which partnership property is leased or rented to persons of lower income for housing purposes, is declared to be public property used for essential public and governmental purposes and such property and an authority shall be exempt from all taxes** and special assessments of the city, the county, the state or any political subdivision thereof."

(Emphasis added.)

Taxpayers point to both ORS 307.090 and ORS 456.225 in support of the argument that the subject property is exempt in its entirety. Taxpayers contend that both statutes mandate exemption for property of a housing authority and partnership property where a housing authority is a general partner.

The county argues that ORS 307.090 is inapplicable because the subject property is owned by the partnership and not by Linn-Benton Housing Authority. The county contends that the property qualifies for exemption, if at all, only under the provisions of ORS 456.225. However, the county argues that exemption under that statute is limited to property that is leased or rented to persons of lower income for housing purposes. Therefore, the county concludes that the vacant portion of the property is not exempt under the statute because it is not leased or rented for housing purposes.

Where the positions of the parties are balanced, the court begins its inquiry by determining the type of property at issue and the applicable rule of construction. Thus, before resolving the question of whether the vacant property is exempt, the court must determine whether one or both of the exemption statutes apply to the issue and the appropriate constructional rule to apply to the relevant statute(s).

■ If the property at issue is public property, such as property of a housing authority, an exemption is available under ORS 307.090. That exemption "applies only to property **actually owned** by the public bodies specified in the statute." *White City Water System v. Dept. of Rev.,* 285 Or 255, 259, 590 P2d 724 (1979) (emphasis added).[2] Where public property is involved "exemption is the rule and taxation the exception." *City of Eugene v. Dept. of Rev.,* 15 OTR 1, 2 (1998), *citing City of Eugene v. Keeney,* 134 Or 393, 397, 293 P 924 (1930).

---

[2] Two reasons were given in support of this conclusion: (1) when there is doubt regarding an exemption statute, it is resolved against the exemption; and (2) because other provisions of the tax code specifically provide for exemptions of privately owned property used for public purposes, the absence of such language indicates that the legislature did not intend a general exemption for all such property exempt under ORS 307.090(1). *White City,* 285 Or at 258.

Where the property at issue is not owned by a public body, Oregon follows the rule that "tax exemption statutes should be strictly construed in favor of the state and against the taxpayer." *Mult. School of Bible v. Mult. Co.,* 218 Or 19, 27, 343 P2d 893 (1959) (citations omitted). That rule of construction is also referred to as "strict but reasonable." *Eman. Luth. Char. Bd. v. Dept. of Rev.,* 263 Or 287, 291, 502 P2d 251 (1972) (citations omitted). Strict but reasonable construction does not require the narrowest possible meaning be applied to an exemption statute, rather the statute should be construed reasonably, giving due consideration to the ordinary meaning of the words of the statute and the legislative intent. *See North Harbour Corp. v. Dept. of Rev.,* 16 OTR 91, 95 (2002) (citation omitted). Where a clear statutory intent is expressed, the court must follow that expression. However, when intent is not clearly expressed, the strict but reasonable rule functions as a tie breaker, in favor of taxation, where the court finds that no legislative intent can be discerned. *See id.* at 94-95 (discussing the rules of construction for exemption statutes).

The exemption provided by ORS 307.090 specifies that the property must be owned by the public bodies listed in the statute. It is undisputed that the property at issue is owned by the partnership and not by the Linn-Benton Housing Authority; therefore, the court holds that the exemption of ORS 307.090 is not applicable. Because public property is not at issue, the court will follow the strict but reasonable rule of construction in determining whether the vacant portion of taxpayers' property is exempt from taxation under ORS 456.225.

Whether the vacant portion of taxpayers' property is exempt as property "leased or rented to persons of lower income for housing purposes" is a question of legislative intent. That intent is to be discerned from the statute, looking first to its text and context. *PGE v. Bureau of Labor and Industries,* 317 Or 606, 611, 859 P2d 1143 (1993).[3] Context

---

[3] The strict but reasonable method of construction works with the method of statutory construction set forth in *PGE v. Bureau of Labor and Industries,* 317 Or 606, 859 P2d 1143 (1993). *See North Harbour Corp.,* 16 OTR at 95-96 (discussing the rule of strict but reasonable construction in connection with the method of statutory construction set forth in *PGE*).

includes prior versions of the statute, other related statutes, and applicable case law. *Id.*; *Owens v. Maass*, 323 Or 430, 435, 918 P2d 808 (1996).

The key language in ORS 456.225 is the phrase "which partnership property is leased or rented to persons of lower income for housing purposes * * *." ORS 456.225(1). That language has remained unchanged since it was added to the statute by the 1991 Legislative Assembly. *Compare* Or Laws 1991, ch 851, § 1, *and* Or Laws 1995, ch 445, § 13, *with* Or Laws 1997, ch 402, § 2. The language limits the exemption to property used for housing purposes.

ORS 307.090 provides property tax exemption for public property, including property owned by a housing authority; therefore, that statute is part of the context considered by the court in determining the scope of the exemption provided by ORS 456.225. ORS 307.090 provides broad property tax exemption for public property that is "**used or intended** for corporate purposes." (Emphasis added.) The statute authorizes exemption where property is either currently used for exempt purposes or intended for future use by the public body. In contrast to ORS 307.090, ORS 456.225 does not provide the same broad exemption including property that is intended for future use as housing for persons of lower income; rather, the exemption under ORS 456.225 is limited to property that is actually "**leased or rented** * * * for housing purposes." (Emphasis added.)

The question of whether vacant property qualifies for exemption was considered by the Oregon Supreme Court in *Emanuel Lutheran Charity Board.* The issue in *Emanuel Lutheran* was whether vacant property, intended for future exempt use, was exempt under ORS 307.130. *Eman. Luth. Ch. Bd.*, 263 Or at 289. Property under that statute is exempt if it "is **actually and exclusively occupied or used** in the literary, benevolent, charitable or scientific work carried on by such institutions." ORS 307.130(1)(a) (emphasis added). Considering the text of the statute, the court held that under ORS 307.130 the legislature required something greater than ownership, or ownership with the intent to put the property to an exempt use in the future. *Id.* at 291-92. The court concluded that property "merely being held for future use is

not being actually occupied or used" and is therefore not exempt under the statute. *Id*. at 292.[4]

The language of ORS 456.225 is similar to that of ORS 307.130. Both statutes require actual use of the property to qualify for exemption; that limitation stands in contrast to the language of ORS 307.090, which exempts property that is **either** used or intended for a public purpose.

■ After examining the text and context of ORS 456.225, it is the conclusion of the court that the legislature did not intend vacant property held by a partnership, of which a housing authority is a general partner, to qualify for exemption from property tax pursuant to ORS 456.225.[5] The legislature demonstrated an intent to limit the exemption by requiring the property be leased or rented for the purpose of providing housing to lower income persons.[6]

## IV. CONCLUSION

ORS 456.225 requires that property held by a partnership, of which a housing authority is a general partner, be leased or rented for the purpose of providing housing to lower

---

[4] At a minimum, the property must be occupied by a building under construction to qualify for exemption. *Eman. Luth. Charity Bd.*, 263 Or at 292; *see also Willamette Univ. v. Tax Comm.*, 245 Or 342, 422 P2d 260 (1966) (holding that ORS 307.130 allows an exemption for a building under construction but not yet completed).

[5] Taxpayer argues that this construction could require every available portion of property to be used for housing purposes, to the exclusion of open space, common areas, or playgrounds. However, it is undisputed that the property at issue is vacant property, **not** used for any of those common purposes that are a customary part of multi-unit residential properties. Because the property at issue is not used for such customary purposes the court will not address the issue.

[6] Taxpayers provided the court with the legislative history of HB 3378 in support of the position that the exemption of ORS 456.225 applies to vacant property. The court finds that history to be consistent with the court's holding that ORS 456.225 limits the types of property that qualify for exemption to property that is actually used for housing purposes.

As originally introduced, HB 3378 did not include language limiting the exemption to property leased or rented by lower income tenants; however the bill was amended to include the limitation on qualifying properties. *Compare* Minutes, House Committee on Revenue and School Finance, HB 3378, May 14, 1991, Ex 5 (Staff Measure Summary HB 3378), *and* Tape Recording, House Committee on Revenue and School Finance, HB 3378, May 14, 1991, Tape 191, Side B (statements of Kim Worrel and Chair Jones), *with* Minutes, Senate Committee on Revenue and School Finance, HB 3378A, June 24, 1991, Ex 17 (Staff Measure Summary 3378A).

income persons. Therefore, vacant property held by a partnership, of which a housing authority is a general partner, does not qualify for exemption from property tax. Now, therefore,

IT IS ORDERED that Intervenor-Defendant's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment is denied. Costs to neither party.