IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| RONALD B. EISEN, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 150525C |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL** |

This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered May 5, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* TCR-MD 16 C(1).

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed with the court on March 28, 2016. The Motion asserts that "[p]laintiff has not alleged facts showing that plaintiff is 'aggrieved' within the meaning of ORS 305.275 because plaintiff has not requested a reduction in real market value which will result in any reduction in tax payable by plaintiff for the year in question. *Kaady v. DOR*, 15 OTR 124 (2000)." (Motion at 1.) Defendant further notes in its Motion that "[p]laintiff orally amended [his] complaint at the Case Management Hearing, requesting a 2015 RMV of $575,000." (*Id*.)

Defendant previously filed a Motion to Make More Definite and Certain, on February 8, 2016. That motion included the question of aggrievement and the court's jurisdiction to hear the appeal. (Mot Make Certain at 1.) The court discussed Defendant's Motion to Make More Definite and Certain at a telephone case management conference held March 24, 2016. Plaintiff appeared on his own behalf. Defendant was represented by Brandon MacNeil and Barry Dayton.

/ / /

/ / /

Plaintiff's Amended Complaint, filed January 11, 2016, asserted that there should be no increase in the value of the subject property, Account R306094, for the 2015-16 tax year.[1] (Ptf's Amended Compl at 1.)

Defendant responded to Plaintiff's Amended Complaint February 8, 2016, by filing its Motion to Make More Definite and Certain. That motion included several assertions. First, that "[p]laintiff should be required to allege the real market value for which plaintiff contends should be on the roll for the tax year(s) in question." (Mot Make Certain at 1.) Defendant quoted a portion of Tax Court Rule-Magistrate Division (TCR-MD) 1 B. That rule provides that "[f]or cases involving property valuation, the complaint must state the real market value requested for each tax account for each tax year at issue." TCR-MD 1 B(1)(d).[2] Because Plaintiff's Amended Complaint failed to state a real market value request, the court ruled that Defendant's Motion to Make More Definite and Certain is well taken. The ruling was made at the March 24, 2016, case management conference. The court advised Plaintiff that he must state his requested real market value, and Plaintiff advised the court that he was requesting a real market value of $575,000. After some discussion, the court accepted Plaintiff's oral amendment to the Amended Complaint. As amended, Section 4 of Plaintiff's Amended Complaint requests a real market value of $575,000. Defendant did not object to that amendment, or the procedure by which the amendment was made (orally as opposed to the submission by Plaintiff of a second amended complaint).

/ / /

---

[1] Plaintiff's initial Complaint, filed with the Court December 28, 2015, failed to name a defendant and left blank a portion of Section 1 of that document and all of Sections 3 and 4. (Ptf's Compl at 1.) The court notified Plaintiff of those defects by letter dated December 29, 2015. In response, Plaintiff filed the Amended Complaint on January 11, 2016.

[2] Defendant's quotation of TCR-MD 1(B)(1)(d) omits the words "for each tax account," but otherwise accurately reflects the wording of the rule and contains the pertinent language at issue in this case: the requirement that the plaintiff state the requested real market value.

Defendant's second assertion set forth in its Motion to Make More Definite and Certain was that an allegation of a specific real market value is required in order for the court determine whether it has jurisdiction to hear the appeal. Defendant contends that the court lacks jurisdiction if a plaintiff is not aggrieved. (Mot Make Certain at 1.)

Taken together, Defendant's Motion to Make More Definite and Certain and its subsequent Motion to Dismiss request dismissal of Plaintiff's appeal for lack of aggrievement because Plaintiff has not requested a real market value that would result in a reduction in his property taxes and therefore lacks standing.

This court has previously noted that a taxpayer must have standing to bring a property tax appeal. *Paris v. Dept. of Rev.*, 19 OTR 519, 521–522 (2008); *see also* ORS 305.275(1)(a).[3] To have standing, a taxpayer must be aggrieved. *Paris*, 19 OTR at 521. Generally speaking, for a taxpayer to be aggrieved, real market value must be lower than the maximum assessed value, and the reduction must reduce the property taxes. *Id.* at 521–522; *Kaady v. Dept. of Rev.*, 15 OTR 124 (2000). In *Paris*, the plaintiffs sought a reduction in their real market value that was still considerably higher than their maximum assessed and assessed values and conceded that the requested reduction, if granted, would not reduce their property taxes. *Paris*, 19 OTR at 521. The court granted the defendant's motion to dismiss, holding that it lacked jurisdiction because the plaintiffs were not aggrieved and therefore lacked standing. *Id*. at 521–522, 524.

"In requiring that taxpayers be 'aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." *Kaady* 15 OTR at 125. For there to be an immediate claim of wrong, *the requested reduction in value must produce a corresponding reduction in property taxes*. Where a reduction in real market value will not reduce taxes, this court has ruled that taxpayers are not aggrieved. *See, e.g.*, *Sherman v. Dept. of Rev*., 17 OTR

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

322, 323 (2004). In *Sherman*, like *Paris*, the plaintiffs requested a reduction in their real market value that they acknowledged would not reduce their property taxes. *Id*. The court in *Sherman* granted the defendant's motion to dismiss for lack of aggrievement because the requested change in value would not reduce plaintiffs' property taxes. *Id*.

In this case, Plaintiff requested a real market value of $575,000. The real market value on the assessment and tax rolls for the 2015-16 tax year is $669,740. (Ptf's Compl at 2.) The maximum assessed value for the tax year at issue is $328,980. (*Id.*) Because the maximum assessed value is less than both the real market value currently on the rolls and the real market value requested by Plaintiff, Plaintiff is not aggrieved. This is confirmed by a worksheet Defendant submitted with its Motion to Dismiss. (Motion at 2.) That worksheet demonstrates that, were the court to reduce the real market value of the subject property from $669,740 to $575,000, there would be no reduction in property taxes. And, the maximum assessed value and assessed value would remain unchanged at $328,980.

Based on the foregoing, the court lacks jurisdiction because Plaintiff is not aggrieved and therefore lacks standing to bring the appeal. That being the case, Plaintiff's appeal must be dismissed. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

FINAL DECISION OF DISMISSAL  TC-MD 150525C                                      4

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted and Plaintiff's appeal is dismissed.

Dated this _____ day of May 2016.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on May 24, 2016.*