# RAYMOND R. AND JOAN M. RETER *v.* COMMISSION

Gregory T. Hornecker, Blackhurst, Hornecker & Hassen, Medford, represented plaintiffs.

Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiffs rendered July 9, 1969.

EDWARD H. HOWELL, Judge.

The above cases, by agreement of the parties, were combined for trial and decision.

In Case No. 411 the only issue is whether 13 acres

of plaintiffs' land are entitled to the special farm use assessment granted by ORS 308.370 to land which is within a farm use zone and which is used exclusively for farm use. As the land is within a farm use zone the only issue is whether the land is used exclusively for farm use. The tax year involved is 1968-69.

The 13 acres in question are contiguous to and actually a part of a larger parcel of 95 acres of orchard owned by the plaintiffs. The 13 acres form a fairly narrow strip of land surrounding part of the orchard. Two irrigation canals are located on the strip and while there are no fruit trees growing on the 13 acres, it is used to maintain an irrigation system from the canals to plaintiffs' orchard.

Although the assessor apparently contended in the tax commission hearing that the highest and best use of the strip was for residential rural tracts, at the trial in this court the county appraiser testified that the highest and best use of the 13 acres was for farm use. The land is not rural tract property because it lacks access and is too steep.

This case is not similar to *Thomas v. Commission*, 3 OTR 333 (1969), wherein the court found that a 14-acre tract contiguous to a larger parcel of property was not entitled to the special farm use assessment. There the smaller tract was generally unsuitable for cultivation and was not an integral part of the larger tract. In the instant case the 13-acre strip containing the canals and the plaintiffs' orchard are one unit.

In Case No. 412 the issue is whether the plaintiffs are entitled to a special farm use assessment for approximately 7.5 acres of land upon which are located buildings used for storage, packaging and processing

of plaintiffs' pears and apples. (The parcel originally consisted of 8.5 acres, but plaintiffs are requesting the special assessment for only 7.5 acres.)

The land is also within a farm zone under ORS 308.370 and the specific question is whether the land, exclusive of the buildings, is devoted to farm use. ORS 215.203 defines farm use as:

> "* * * the current employment of land for the purpose of obtaining a profit in money by raising, harvesting and selling crops * * * or any other agricultural or horticultural use * * *. *'Farm use' includes the preparation and storage of the products raised on such land for man's use and animal use and disposal by marketing or otherwise. It does not include the use of land subject to the provisions of ORS chapter 321, [timber taxes] or to the construction and use of dwellings and other buildings customarily provided in conjunction with the farm use.*" (Emphasis supplied.)

■■ It is clear from the above statute that farm use includes the employment of land for the storage of the farmer's products preparatory to the feeding or marketing of such products. It does not include buildings located on such land. The reason for including land used for storage of farm products is simple. Land being used to store hay, grain, fruit and other products on the farm is as much devoted to farm use as the land used for the raising of such crops. However, the buildings used to store the products are not to be valued by using the special farm use assessment.

The plaintiffs own or lease approximately 1200 acres of orchard land with pears as the principal crop. Six hundred acres of orchard are contiguous to the storage area in dispute. The buildings on the 7.5 acres consist of a cold storage plant and a storage area for

boxes and farm equipment plus a small office. Boxes are also stored on the ground outside the buildings. The fruit is hauled in, treated, sorted and packaged for sale. The fruit remains in storage as fresh fruit until it is sold. With the exception of a very small amount of fruit which is handled and stored for the Oregon State University experimental farm and one or two other individuals, all the fruit stored and packed comes from the plaintiffs' orchards and belongs to the plaintiffs.

With the exception of the size of plaintiffs' packing complex, it is no different than land used by many farmers and orchardists for the sorting, packing and storage of their fruit or vegetables on farms and orchards throughout the state. The plaintiffs' land is contiguous to their orchard and with the minor exceptions mentioned, all the fruit belongs to the plaintiffs and the plant is a part of plaintiffs' agricultural operation.

■ The plaintiffs' use of the land comes within the definition of farm use in ORS 215.203(2) (a), *supra,* defining farm use as including "the preparation and storage of the products raised on such land for man's use * * * and disposal by marketing or otherwise."

Both the 13-acre strip used for irrigation of plaintiffs' orchard and the 7.5 acres used for preparation and storage of plaintiffs' fruit prior to marketing are entitled to the special farm use assessment provided by ORS 308.370.

The orders of the tax commission are set aside.