Argued June 2, affirmed August 5, 1970

RETER et ux, *Respondents, v.* STATE TAX
COMMISSION, *Appellant.*

473 P2d 129

*Alfred B. Thomas,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General and Richard A. Uffelman, Assistant Attorney General, Salem.

*Gregory T. Hornecker,* Medford, argued the cause for respondents. With him on the brief were Blackhurst, Hornecker & Hassen, Medford.

Before O'CONNELL, Chief Justice, and SLOAN, DENECKE, HOLMAN, and TONGUE, Justices, and SCHWAB* and LANGTRY, J. J., Pro Tempore.

SLOAN, J.

The question in this case involves plaintiffs' claim that they are entitled to farm use assessment for land

---

* Schwab, J., did not participate in the decision of this case.

under buildings used for storage of pears. Decision requires that the meaning of "farm use" as it is defined in ORS 215.203(2)(a)① be determined. It is acknowledged that the statute does not include the buildings. The tax court decided in favor of plaintiffs. Defendant appeals.

We adopt the opinion of the tax court. *Reter v. Commission*, 3 OTR 477 (1969). However, it is necessary to mention an argument made by defendant in this court. Defendant relies on *Willamette Univ. v. Tax Com.*, 1966, 245 Or 342, 422 P2d 260. In the cited case, the rule of strict construction was recognized and defendant argues that strict construction of the statute requires reversal of the tax court's decision. But the opinion in the case also held that strict construction must be measured along with legislative intent and purpose.

Defendant argues that strict construction of the statute requires a ruling that it is only the storage of an agricultural product on land, without the use of any cover, barn or structure that qualifies the land so used to be assessed for farm use. Defendant says the statute requires that any land under a building used strictly for storage purposes deprives that land of the benefit of farm use assessment.

It appears to us that to attribute to the legislature such a meaning would deprive the statute of a reasonable meaning. Preparation for the market of most farm commodities simply could not be accomplished if it

---

① "* * * 'Farm use' includes the preparation and storage of the products raised on such land for man's use and animal use and disposal by marketing or otherwise. It does not include the use of land subject to the provisions of ORS chapter 321, or to the construction and use of dwellings and other buildings customarily provided in conjunction with the farm use."

were attempted in an uncovered area. And it is not difficult to know that many, if not most, agricultural products would rapidly deteriorate if unprotected storage was used. It is more meaningful to assume that the legislature intended that land used exclusively for preparation and storage must, of necessity, include land covered by a building.

The tax court's reading of the statute is correct and the judgment is affirmed.