Argued May 5, affirmed October 27, 1972

# EMANUEL LUTHERAN CHARITY BOARD, *Appellant, v.* DEPARTMENT OF REVENUE, *Respondent.*

502 P2d 251

*Chester E. McCarty,* Portland, argued the cause for appellant.

*Theodore W. deLooze,* Chief Tax Counsel, Salem, argued the cause for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE and BRYSON, Justices.

McALLISTER, J.

The plaintiff, Emanuel Lutheran Charity Board, operates Emanuel Hospital in Portland. Plaintiff acquired certain real property for use in expanding its hospital facilities and claimed the property was exempt from taxation for the 1968-1969 tax year. The Department of Revenue ruled that the property was not exempt, the Tax Court affirmed, and plaintiff has appealed to this court. We affirm.

Most of the facts are stipulated. Emanuel is a general hospital which also provides teaching and research services. As early as 1957 plaintiff began

acquiring real property in the vicinity of its hospital and in 1967 adopted a long-range master plan for future expansion. Pursuant to the master plan plaintiff intended to use the real property involved in this case for an addition to its main hospital, an extended care facility, a self-care unit, an auditorium, and an employees' apartment building. The Department of Revenue concedes that when these buildings are constructed they will be tax exempt.[1] On January 1, 1968, the assessment date, the property involved here was vacant awaiting future use, but no construction had begun.

The controlling statute is ORS 307.130, which reads in pertinent part as follows:

"Upon compliance with ORS 307.162 [filing claim for exemption], the following property owned or being purchased by incorporated literary, benevolent, charitable and scientific institutions shall be exempt from taxation:

"(1) * * * only such real or personal property, or proportion thereof, as is actually and exclusively occupied or used in the literary, benevolent, charitable or scientific work carried on by such institutions."

The simple issue is whether the property on the assessment date was "actually and exclusively occupied or used" by Emanuel in the benevolent and charitable work carried on by it.

Plaintiff relies on *Willamette Univ. v. Tax Comm.*, 245 Or 342, 422 P2d 260 (1966), in which this court construed ORS 307.130 to allow an exemption for a building which was under construction but not yet

---

[1] The extended care facility has been completed. It was under construction on January 1, 1969, and an exemption was allowed for that and subsequent years.

completed. Plaintiff urges us to extend our holding in *Willamette Univ.* to include vacant land held for future use in tax exempt activities, but on which building of facilities has not yet begun. The opinion in *Willamette Univ.* did not specifically limit its holding to buildings under construction and there is language in the opinion which supports plaintiff's contention that the decision covers the present case. In its discussion of cases from other jurisdictions, the court said:

"In *New England Hospital v. Boston,* 113 Mass 518, 521, the court stated:

" 'The facts agreed show that the plaintiffs, at the date of the assessment of this tax, had recently purchased the land in question for the purpose of establishing and maintaining a hospital thereon, and were diligently proceeding with the preliminary measures necessary to the erection of the same. The land must therefore be deemed to have been then occupied by them for the charitable purposes for which they were incorporated, and as such exempted from taxation by the Gen. Sts. c. 11, § 5, cl. 3.'

"The word 'actual' was not contained in the Massachusetts statute at that time, but it is clear that the court determined that the right to control the use of the property as distinct from actual physical occupancy constituted an occupancy contemplated by the Act." 245 Or at 347.

The final paragraph of the majority opinion reads:

"We are of the opinion that the better rule is found in the opinions of the courts which have carefully considered the issue and reached the conclusion that 'actually occupied and used' pertains to whether or not the premises are then being prepared to carry out purposes of the exempt charity and if they are they fall within the legislative intent." 245 Or at 349.

Plaintiff in the present case clearly has the "right to control the use" of the subject property, and on the assessment date was "preparing" to carry out charitable uses of the land in the sense that it was taking steps under its master plan to procure detailed plans and financing.

The Department contends that the *Willamette Univ.* holding should be confined to the facts of that case, and that the allowance of an exemption for property on which no actual construction has begun would be a significant and unwarranted extension of the rule of that case.

■ This court is committed to the rule that tax exemption statutes are to be construed strictly but reasonably. The evolution of this rule is described in *Multnomah School of the Bible v. Multnomah County,* 218 Or 19, 343 P2d 893 (1959), and need not be repeated here. It has been followed in our later cases, although not all of them have used the phrase "strict but reasonable". *Unander v. U. S. Nat'l Bank,* 224 Or 144, 150-151, 355 P2d 729 (1960); *Methodist Homes, Inc. v. Tax Comm.,* 226 Or 298, 360 P2d 293 (1961); *Willamette Univ. v. Tax Comm.,* supra; *Reter v. State Tax Comm.,* 256 Or 294, 473 P2d 129 (1970). Strict but reasonable means merely that the statute will be construed reasonably to ascertain the legislative intent, but in case of doubt will be construed against the taxpayer.

■ Cases from other jurisdictions were reviewed in *Willamette Univ.* and the same cases, with some additions, are cited again in the briefs here. We think it is unnecessary to look to other jurisdictions for guidance in this case. By requiring that exempt property be actually occupied for charitable or other exempt purposes the legislature must have meant something

more than mere ownership or even ownership with an intent to put the land to an exempt use in the future. Actual occupancy must mean as a minimum that the land be occupied by a building under construction.

■ We agree with the Tax Court that land merely being held for future use is not being actually occupied or used for the benevolent or charitable work carried on by plaintiff. In construing the exemption granted by ORS 307.130 in *Willamette Univ.* to include a building under construction we went to the limit of a strict but reasonable construction. Any further extension must be made by legislative action and not by judicial construction.

The decree of the Tax Court is affirmed.