# IN THE OREGON TAX COURT

## DISABLED AMERICAN VETERANS, PORTLAND CHAPTER NO. 1, INC.
### *v.*
## DEPARTMENT OF REVENUE
(TC 1431)

Frank E. Magee, Portland, represented plaintiff.

G. F. Bartz, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered July 29, 1982.

**CARLISLE B. ROBERTS, Judge.**

Plaintiff appealed from defendant's Order No. VL 80-528, dated August 6, 1980, denying plaintiff's claim for exemption from the ad valorem property tax for the tax year 1979-1980 (and, by stipulation, for 1980-1981).

This case presents a unique question of statutory interpretation. Plaintiff is a tax-exempt fraternal organization as defined in ORS 307.134. The statutory guidelines for exemption are found in ORS 307.136, which provides:

"Upon compliance with ORS 307.162 [filing an application with the county assessor], the following property owned or being purchased by fraternal organizations shall be exempt from taxation:

"(1) All the real or personal property, or portion thereof, which is actually occupied or used in fraternal or lodge work or for entertainment and recreational purposes by one or more fraternal organizations, * * *."

Plaintiff owns a clubhouse building and adjacent parking lot located within Multnomah County, Oregon. Until December 1978, 48 percent of the building was leased by plaintiff to Cory Coffee Company, a nonexempt organization. The remaining portion, which was used by plaintiff for its meetings, social gatherings and fund raising affairs, enjoyed exempt status under ORS 307.136.

A 1976 constitutional amendment (Or Const, art XV, § 4, adopted November 11, 1976) and subsequent legislation (1977 Or Laws ch 850, effective July 27, 1977) legalized the playing of bingo upon the premises of exempt fraternal organizations. A bingo operation was carried on in the non-rented portion of the premises in part of 1978. When, in December 1978, Cory Coffee Company's lease expired, it was not renewed. Soon thereafter, plaintiff began remodeling the entire building to accommodate the expanding needs of the organization and to provide for the playing of bingo. By early 1979, bingo was being played upon the entire premises six days a week, including Friday and Saturday nights.

Plaintiff's witnesses testifed that, following the expiration of the Cory lease, in addition to the playing of bingo, the entire building was regularly used for the activities of the organization. Accordingly, plaintiff filed a timely application in 1979 for a 100 percent exemption from ad valorem taxation.

Mr. John B. Long, Multnomah County Tax Exemption Supervisor, testified that in June 1979 he visited the subject property for the purpose of determining whether the additional exemption should be granted. After making a

physical inspection of the property and speaking to someone on the premises, Mr. Long determined that 81.9 percent of the building was being used primarily for the playing of bingo which, in his opinion, was a nonexempt activity. The remaining 18.1 percent of the building, which consisted of office space, was found by Mr. Long to be used primarily for the activities of the organization.

In accordance with his findings, Mr. Long denied plaintiff's application for exemption of the entire premises and, in fact, reduced plaintiff's previously allowed exemption from 52 percent to 18.1 percent of the assssed value of the building and parking lot.

Two legal issues are raised by this appeal. (1) Was the playing of bingo a nonexempt activity? (2) Was the defendant correct in applying the "primary use" test in determining the exemption to be granted to the plaintiff?

Mr. Long testified with conviction that in determining the exempt status of the subject property he looked to the primary use of the property. Yet the court finds no legal authority which supports such a measure. Nowhere in ORS 307.136 is there a requirement that the property of a fraternal organization be "primarily used or occupied" for fraternal activities. That section merely requires that the property be "actually occupied or used in fraternal or lodge work or for entertainment or recreational purposes." The broad range of activity which the legislature sought to allow by this section becomes more apparent when the section is contrasted with ORS 307.130, which deals with exemptions for the property of literary, benevolent, charitable and scientific institutions. That section provides for exemptions on:

> "(1)  * * * only such real or personal property, or proportion thereof, as is actually and exclusively occupied or used in the literary, benevolent, charitable or scientific work carried on by such institutions."

In attempting to define the limits of ORS 307.130, the Oregon Supreme Court has set guidelines. "The phrase 'exclusively used' has reference to the primary and incidental use. [Citations omitted.] It is the primary as distinguished from an incidental use that determines whether it is exempt from taxation." *Mult. School of Bible v. Mult. Co.,* 218 Or 19, 29, 343 P2d 893, 898 (1959). The activity undertaken on the

property must substantially contribute to the furtherance of the charity's goals. *YMCA v. Dept. of Rev.,* 268 Or 633, 522 P2d 464 (1974). A "primary use" test is consistent with these subtle interpretations of the exemption law as it applies to charitable institutions. However, no comparable interpretation of ORS 307.136 exists.

■ The broader wording of ORS 307.136 must be kept in mind. ORS 307.130 requires that the property of a charitable institution be *actually and exclusively occupied or used* in the work of the institution. As far as fraternal organizations are concerned, the legislature has failed to include the requirement of "exclusiveness" and has provided that "entertainment or recreation" are exempt activities. The Oregon Supreme Court recognized, in deciding *Mult. School of Bible v. Mult. Co., supra,* that "actual occupation" is not as strict a limitation of activity as "actual and exclusive occupation." It is possible that a fraternal organization could *actually use or occupy* property for fraternal works, recreation or entertainment without using it "exclusively" or "primarily" for those purposes. And now, by virtue of ORS 167.117, a fraternal organization can lawfully include among its activities the entertainment of the public through playing bingo, so long as only the fraternal organization and occasional players profit therefrom. (Other requirements of ORS 167.117(4)(d), relating to federal income tax exemption, are not at issue in this suit.)

In attempting to apply the section before us, the court is mindful of the rule that an exemption statute must be strictly but reasonably construed in order to ascertain the legislative intent. In case of doubt, liability for taxation follows. *Eman. Luth. Char. Bd. v. Dept. of Rev.,* 263 Or 287, 502 P2d 251 (1972). Under the facts of this case, however, the clear wording of the statute leaves no room for doubt. There was evidence presented which leads the court to conclude that the entire building was used or occupied for organizational activities on a regular basis (although only for small fraction of the time utilized for other than playing bingo).

■ Additionally, although the playing of bingo constituted a great percentage of the activity conducted on the property, there appears no reason why the playing of bingo should not be considered "entertainment or recreation"

within the meaning of ORS 307.136. It would indeed be an anomalous situation if the intent of the legislature in legalizing the playing of bingo was to force the exempt organization to choose between playing bingo and the income derived therefrom and retaining its tax exempt status. There is no expression in the constitutional amendment or the enabling statute that the legislature considered depriving the fraternal organization of any such tax advantage.

The court therefore finds that the Multnomah County Assessor's denial of plaintiff's exemption from ad valorem property taxes for 1979-1980 was in error. The question of exemption for the tax year 1980-1981 was not before the Department of Revenue, so the court is without jurisdiction to make a specific determination as to that year. However, the defendant stipulated at trial that the year 1980-1981 could be joined in trial with 1979-1980. This is deemed an admission by the defendant that, if the subject property was properly exempt in 1979-1980, the exemption was equally applicable in 1980-1981.

The County Assessor and the Tax Collector of Multnomah County, Oregon, shall amend the assessment and tax rolls for the tax years 1979-1980 and 1980-1981 in accordance with this opinion. If taxes have been paid by the plaintiff in excess of those required, the excess, with statutory interest thereon, shall be refunded to the plaintiff, pursuant to ORS 311.806 and 311.812. Plaintiff is awarded its statutory costs and disbursements.