MULTNOMAH COUNTY,
a home rule subdivision of the
State of Oregon,
by and through its
Tax Collector, Janice Druian,
and its Tax Assessor, Robert Ellis

*v.*

DEPARTMENT OF REVENUE
(N/NE Community Mental Health)

(TC 3788)

Sandra N. Duffy, Assistant County Counsel, Multnomah County, represented plaintiff (county).

David E. Leith, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for plaintiff rendered July 19, 1995.

**CARL N. BYERS, Judge.**

Multnomah County appeals from a Department of Revenue (department) order granting property tax exemption to certain property for the 1993-94 tax year. The department determined that the property, which had been purchased by a charitable organization, qualified for exemption under ORS 307.130.

The North-Northeast Community Health Center, Inc., (Health Center) is a charitable organization providing comprehensive mental health services to north Portland. It is an established community service with a number of facilities. The subject property is located across Alberta Street from an existing Health Center facility. When Health Center purchased the property in September 1992, it consisted of four tax lots improved with an old warehouse and a blacktop parking area. Health Center intended to either remodel the dilapidated building or build a new building. Health Center wanted the property to provide 22 single rooms and a food service facility for chronically mentally ill clients who require frequent services in a semi-independent living arrangement.

It took some time for Health Center to obtain financing for the construction of the new facility. In the meantime, one of the mental health therapists used the property as a vocational training site for entry-level clients enrolled in lawn care and maintenance programs. He made no use of the building but taught groups of three to five individuals to sweep the driveway, trim trees and shrubs, and pull grass and weeds. This instruction and the activity was on the lowest possible level of purposeful movement. The activity usually lasted about one hour. The therapist used the property for this activity twice in October 1992, and then again in the spring of 1993. The property was used for this activity once every two to three weeks from May or June until October 1993 when the building was demolished.

Health Center filed a claim for property tax exemption on April 1, 1993. A property tax exemption specialist inspected the property on June 9, 1993, but found no evidence that it was being used or that work was being done on the building. He made a second inspection on July 29, 1993, and found no change in circumstances. The specialist did not

contact Health Center and inquire about its use of the property. The assessor wrote a letter on July 30, 1993, denying the exemption for lack of use. Health Center appealed to the department alleging in its petition that it used the property for vocational training until it could obtain financing and build a new facility. The department found that the use qualified and the exemption should be granted. The county appealed from that determination.

The issue before the court is whether the use made of the property qualifies for exemption under the statute.

ORS 307.130(1)(a) provides for tax exemption of:

"[O]nly such real or personal property, or proportion thereof, as is actually and exclusively occupied or used in the * * * charitable * * * work carried on by such institution."

The parties have cited and argued the scope of the three leading cases in Oregon which deal with the requirement of "actually occupied and used." In *Willamette Univ. v. Tax Com.*, 245 Or 342, 422 P2d 260 (1966), the Oregon Supreme Court held that buildings under construction are being occupied and used for purposes of the statute. The court construed the statutory requirement of actually occupied and used as pertaining to "whether or not the premises are then being prepared to carry out the purposes of the exempt charity * * *." *Id.* at 349. In *Eman. Luth. Char. Bd. v. Dept. of Rev.*, 263 Or 287, 502 P2d 251 (1972), the court held that vacant property acquired for future expansion but on which no construction had started does not qualify for exemption. It is important to note that *no use* was being made of the property in that case. Finally, in *Soc. St. Vin. DePaul v. Dept. of Rev.*, 272 Or 360, 537 P 2d 69 (1975), the court held that where the charitable organization immediately began using a portion of the building and was preparing the entire building for use, the property qualified for exemption.

The above cases, as do cases in other jurisdictions, struggle to discern a legislative intent in circumstances which the statute does not address. As a general rule, property which is not presently used by a charitable organization is not entitled to exemption. The rationale for this rule would be that the financial assistance provided by an exemption is

given in exchange for the present benefits rendered to society and not for the promise of benefits to be rendered in the future.

In the instant case, Health Center did not attempt to use or improve the building during the period it was arranging financing. Unlike *Soc. St. Vin. DePaul*, Health Center's claim is not based on preparing the property for use, but upon actual use of the property in its mental health program. In this context, the question is whether the use was sufficient to qualify as "actually and exclusively occupied or used." The court concludes that it was not. The building and parking lot took up approximately one square block in area. No use was made of the building and no vehicles were parked in the parking area. The only use Health Center made of the property was to use the outside for one hour approximately once every two or three weeks. Even then, this minimal use was of such a low level it had little relationship to the property. This *de minimis* use hardly justifies exempting the whole. The words of the statute suggest the legislature intended more than a minimal use.

Because the property was being used, as opposed to being prepared or under construction, the court is not persuaded that the buildings and land were "reasonably necessary" for the charitable purposes which Health Center made of them. The minimal activities conducted on the premises did not require the extensive land and buildings involved here. *See Golden Writ of God v. Dept. of Rev.*, 9 OTR 475 (1984), *aff'd* 300 Or 479, 713 P2d 605 (1986). The department's Opinion and Order No. 93-4351 must be set aside and judgment entered consistent with this opinion. Costs to neither party.