102 July 28, 2015 No. 13

IN THE OREGON TAX COURT
REGULAR DIVISION

HABITAT FOR HUMANITY
OF THE MID-WILLAMETTE VALLEY,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*

*and*

MARION COUNTY ASSESSOR,
*Defendant-Intervenor.*

(TC 5234)

Plaintiff (taxpayer) appealed from a decision of the Magistrate Division as to its exemption for property tax applied to unimproved land held by taxpayer for future development. Taxpayer asserts that its corporate purpose is to provide for residential housing for low-income persons and that the acquisition and holding of such land prior to construction is in fulfillment of that purpose. Taxpayer argued that the land during such preconstruction period is therefore exempt from property taxation under ORS 307.130. Defendant Department of Revenue and Defendant-Intervenor Marion County Assessor (Defendants) agreed that from the point that construction of a residence begins, land qualifies for exemption from property taxation. However, Defendants asserted that prior to the time that construction begins, land is not exempt from taxation under ORS 307.130. Granting Defendants' cross-motion for summary judgment, the court ruled that pursuant to the relevant statute and case law, land must be actually and exclusively occupied or used in the charitable activities of a taxpayer and that actual occupancy must mean as a minimum that the land be occupied by a building under construction.

Oral argument on cross-motions for summary judgment was held March 31, 2015, in the courtroom of the Oregon Tax Court, Salem.

Gina A. Johnnie, Sherman Sherman Johnnie & Hoyt LLP, Salem, filed the motion and argued the cause for Plaintiff (taxpayer).

Darren Weirnick, Assistant Attorney General, Department of Justice, Salem, and Scott A. Norris, Assistant Marion County Counsel, Salem, filed the motion and argued the cause for Defendant and Defendant-Intervenor.

Decision for Defendant and Defendant-Intervenor rendered July 28, 2015.

### HENRY C. BREITHAUPT, Judge.

#### I.   INTRODUCTION

This property tax case is before the court on cross-motions for summary judgment. The tax year in question is 2013-14.

#### II.   FACTS

The parties agreed that the stipulation submitted to the Magistrate Division would also constitute the record for this appeal. Reference may be made to the decision filed in the Magistrate Division for detailed facts. *Habitat for Humanity of the Mid-Willamette Valley v. Marion County Assessor*, TC-MD 130518C (Aug 8, 2014).

The facts may be summarized for purposes of this order as follows. Plaintiff (taxpayer) acquires unimproved land and holds it pending a decision and acquisition of resources that make possible construction of residential properties on the land. At that point, construction of a residence is begun. Upon completion of a residence, the land and residence are sold to low-income persons.

Defendants (Department of Revenue or Marion County Assessor, or both) agree that from the point that construction of a residence begins, the land qualifies for exemption from property taxation. However, Defendants assert that prior to the time that construction begins, the land is not exempt from taxation under ORS 307.130.

Taxpayer asserts that its corporate purpose is to provide for residential housing for low-income persons and that the acquisition and holding of such land prior to construction is in fulfillment of that purpose. Taxpayer concludes that the land during such preconstruction period is therefore exempt from property taxation under ORS 307.130.

#### III.   ISSUE

The issue in this case is whether ORS 307.130 provides for exemption from taxation for the land in question prior to the beginning of construction of a residence on the land.

## IV.   ANALYSIS

This court has frequently observed that under Oregon law all land is subject to taxation unless an exemption is available under law. ORS 307.030; *e.g.*, *Lakeview Farms, Ltd. v. Dept. of Rev.*, 21 OTR 161, 165-66 (2013); *Multnomah County Assessor v. Portland Devel. Comm. II*, 21 OTR 66, 71 (2012).[1]

The often-stated rule that exemptions are to be strictly but reasonably construed is to be read as providing that legislative intent prevails and when there is doubt as to that intent, exemption is not available. *North Harbour Corp. v. Dept. of Rev.*, 16 OTR 91, 94-95 (2002) (citations omitted).

In this case the statute in question requires that land be "actually and exclusively occupied or used" in the charitable activities of the taxpayer. ORS 307.130(2)(a).

The Oregon Supreme Court has addressed the question of exemption under the relevant statute for land acquired and held for future use by a charitable organization. The rule established is that "[a]ctual occupancy must mean as a minimum that the land be occupied by a building under construction." *Eman. Luth. Char. Bd. v. Dept. of Rev.*, 263 Or 287, 292, 502 P2d 251 (1972).

The decision in *Emanuel Lutheran* is one reason this court concludes that the exemption under ORS 307.130 is not available. However, at least as important, is that the context within which ORS 307.130 is found indicates that when it wishes to do so, the legislature has specified for a broader rule that would include property being held for future use for the charitable purposes of an owner.

In ORS 307.090(1) it is stated that property of certain governmental entities "used or intended for corporate purposes" is exempt. No such recognition of intended rather than actual use is found in ORS 307.130.

In both ORS 307.140(3) and ORS 307.150(1)(b) exemption is provided for land "held or used" for cemetery purposes. The court finds this statute of special importance because it addresses a situation similar to that present in

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

this case. The similarity is that in both cases the charitable purpose of the owner of land can practically be best accomplished only if acquisition of land for future use is completed.

However, the legislature has specified for cemetery property that "holding" is allowed in addition to "use." More importantly, recognizing that plans and hopes, even charitable ones, are sometimes frustrated, the legislature in ORS 307.155 has constructed a remedy to be applied if hopes are not fulfilled. The corrective rule is that taxes that would have been due on land that is not put to charitable use are then added to the assessment against the land. Neither a provision for holding, nor a corrective mechanism if hopes are unfulfilled, are found in ORS 307.130.

Even in the area of housing for low-income persons, the legislature has specified that property qualifies for exemption in the case where an owner holds for future use. ORS 307.541(1)(c)(B) extends exemption to property "[h]eld for future development as low income housing."

The court concludes from these several statutes that when the legislature desires to provide for exemption for land held for future use in a charitable activity, it knows how to provide for that result.

## V.   CONCLUSION

The legislature can and has, but not in this case, made a provision for exemption in the event property is held for future charitable use. The Oregon Supreme Court has spoken on this question and held that ORS 307.130 does not apply to land until construction begins.

For these reasons, the motion of taxpayer is denied and the motion of Defendants is granted. Counsel for Defendants are directed to submit a form of judgment. Costs to neither party. Now, therefore,

IT IS ORDERED that Defendant and Defendant-Intervenor's Cross-Motion for Summary Judgment is granted; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is denied.